.RALPH SCHULTZ *vs.* PURCELL'S, INC.

Suffolk.   November 7, 1946. — January 6, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Assault and Battery.   Agency,* Scope of authority or employment.

Evidence warranted findings that the manager of a corporate defendant, mistakenly believing that the plaintiff had been involved in an altercation and "rumpus" in the defendant's restaurant, caused him to be assaulted and beaten for the purpose of preserving order in the restaurant as part of the manager's duties in behalf of the defendant and not because of ill will on his part toward the plaintiff, and that the defendant was liable to the plaintiff for injuries sustained by him through such assault.

TORT.   Writ in the Superior Court dated April 10, 1941.

The case was tried before *Dillon,* J.   A verdict for the plaintiff was recorded subject to leave reserved.   The judge thereafter ordered entered a verdict for the defendant, and the plaintiff alleged exceptions.

In this court the case was submitted on briefs.

*E. S. Farmer* & *T. F. Dolan, Jr.,* for the plaintiff.

*J. R. Kewer* & *J. F. Drum,* for the defendant.

QUA, J.   The only question in this case is whether there was any evidence for the jury in support of the allegation in the plaintiff's declaration that "the defendant, its servants, its agents, or employees, assaulted and beat the plaintiff . . . ."

From answers to interrogatories propounded by the plaintiff to the defendant it appeared that James T. Purcell was president and treasurer of the defendant, and that his duty was the managing of the defendant's restaurant in Boston.

From the testimony of the plaintiff and three of his companions the jury could find these facts:   On April 6, 1940, a

party of five, including the plaintiff, ate dinner at the restaurant. There were two bars in the restaurant. After dinner the party of five ordered beers at one of the bars. One of the party named Boyd started "fooling and wrestling around a little bit" with the father of another of "the boys" in the party and then became involved in an altercation with a "middle aged" man described as intoxicated who had "injected himself into the picture." Blows were struck, and the "middle aged" man fell to the floor. Twenty or twenty-five minutes later, while the plaintiff and Boyd were still standing at the bar, James T. Purcell, accompanied by another man, approached and beckoned to them. Purcell said, "Who struck the old man? What kind of a business do you think we are running here? We have to have order in this place." Boyd said, "I did it," and then started to explain what had happened. Thereupon Purcell made a motion, also described as a gesture and as a signal. At this "a short, stocky individual" came from behind a partition and "threw a right hook at the plaintiff." After that both the plaintiff and Boyd, who had gone to the plaintiff's assistance, were thrown to the floor and were further assaulted and beaten, the plaintiff sustaining a bilateral fracture of the mandible. While this was going on Purcell stood a few feet away and did nothing and said nothing and made no remonstrance. After the assault was over, still saying nothing, he assisted the plaintiff "around back of a partition."

There was evidence that a day or two later Purcell said to the plaintiff's father, "Well, I didn't know it was your son. . . . I stepped in to stop him from getting his head kicked off." But in answer to interrogatories Purcell said that he was "not present"; that he understood the plaintiff was not set upon and beaten, but that "he was beating an elderly man," whom he knocked to the floor; that he (Purcell), being informed that there was a "rumpus," immediately proceeded to the vicinity and "stopped the affair and quieted everybody down"; and that when he arrived "it was over" and he "quieted the patron and then the plaintiff and the young man left the premises."

There was evidence for the jury. The somewhat conflicting statements of Purcell could be considered in connection with the testimony of the eyewitnesses. If the jury believed the evidence most favorable to the plaintiff they could find that Purcell, mistakenly believing that the plaintiff instead of Boyd had been involved in the previous altercation, or that the plaintiff had participated in it with Boyd, caused the assault to be made upon the plaintiff by giving a signal to a person or persons who obeyed Purcell's directions. See *Commonwealth* v. *Hurley,* 99 Mass. 433; *Brown* v. *Perkins,* 1 Allen, 89, 98; *Barden* v. *Felch,* 109 Mass. 154, 157; *Keane* v. *Main,* 83 Conn. 200. It is true that the motion, gesture or signal made by Purcell cannot be reproduced in the record and is not particularly described in the evidence included in the bill of exceptions. But there is enough in the record, nevertheless, to warrant an inference that whatever Purcell did was intended as a direction to a person or persons in his control to attack the plaintiff, and that such person or persons so understood it and acted upon it.

The jury could also find that Purcell was acting throughout in his capacity as manager of the defendant's restaurant and in the defendant's behalf to maintain and vindicate its authority and control of "order in this place," and that he acted as he did because he believed that the plaintiff, whom he found still on the premises, had just created a disturbance in the restaurant. There is nothing to suggest personal ill will on Purcell's part. The jury could hold the defendant responsible for Purcell's conduct. *Murphy* v. *Bay State Wine & Spirit Co.* 212 Mass. 285. *Mason* v. *Jacot,* 235 Mass. 521. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44. *McDermott* v. *W. T. Grant Co.* 313 Mass. 736. *Ridge* v. *J. J. Foley Cafe, Inc.* 318 Mass. 310. *Pilos* v. *First National Stores Inc.* 319 Mass. 475, 478. The case is distinguishable from *Fairbanks* v. *Boston Storage Warehouse Co.* 189 Mass. 419.

The verdict entered by the judge on leave reserved is set aside. The verdict of the jury is to stand, and judgment is to be entered for the plaintiff on that verdict.

*So ordered.*