REBECCA W. HOPPE, BY HER NEXT FRIEND, R. W. HOPPE, v. R. N. DEESE AND SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.

(Filed 22 November, 1950.)

**Master and Servant § 22c—**

> Demurrer of corporate defendant is properly sustained to a complaint alleging that it sent its employee to the home of plaintiff on a business mission and that while there the employee committed an assault upon the *feme* plaintiff with licentious intent and purpose, since the complaint discloses that the assault was made to carry out an independent and licentious purpose of the employee and not to accomplish the business mission entrusted to him, and that therefore the employee in making the assault was not acting within the course and scope of his employment.

APPEAL by plaintiff from *Patton, Special Judge,* at the September Term, 1950, of MECKLENBURG.

Civil action by the *feme* plaintiff to recover damages of the corporate defendant and its employee, the natural defendant, for an assault and battery committed upon her by the latter.

The complaint alleges in specific detail that on 24 December, 1949, the corporate defendant, the Southern Bell Telephone and Telegraph Company, sent its employee, the male defendant, R. N. Deese, into the home of the *feme* plaintiff, Rebecca W. Hoppe, on a business mission; that while in the home on such mission the male defendant willfully and maliciously committed an assault and battery upon the *feme* plaintiff by picking her up in his arms and placing her upon a bed; and that such assault and battery was committed upon the *feme* plaintiff by the male defendant "with licentious intent and purpose."

The corporate defendant, the Southern Bell Telephone and Telegraph Company, demurred in writing to the complaint upon the ground that such pleading did not state facts sufficient to constitute a cause of action against it. G.S. 1-127, subsection 6. The court entered judgment sustaining the demurrer, and the plaintiff appealed.

*Orr & Hovis for plaintiff, appellant.*
*Pierce & Blakeney for defendant, appellee.*

ERVIN, J. A master is civilly liable for an assault and battery by his servant on a third person if, and only if, it is committed while the servant is acting within the course and scope of his employment. According to the allegations of the complaint, the male defendant assaulted the *feme* plaintiff to carry out an independent and licentious purpose of his own, and not to accomplish the business mission entrusted to him by the corporate defendant. This being true, the ruling on the demurrer was correct;

for it appears upon the face of the complaint that the wrongful act of the male defendant was outside the scope of his employment. *Robinson v. Sears, Roebuck & Co.,* 216 N.C. 322, 4 S.E. 2d 889; *Robinson v. McAlhaney,* 214 N.C. 180, 198 S.E. 647; *Snow v. DeButts,* 212 N.C. 120, 193 S.E. 224; *Smith v. Cathey,* 211 N.C. 747, 191 S.E. 505. The judgment sustaining the demurrer is

Affirmed.