EDWARD W. WEGNER v. DELLY-LAND DELICATESSEN, INC., A
CORPORATION.

(Filed 12 April, 1967.)

**1. Negligence § 37b—**

The rule that the proprietor of a business owes his customers the duty to use reasonable care to keep the premises in a reasonably safe condition within the scope of the invitation extends to a proprietor of a restaurant or other establishment serving meals for compensation

**2. Same— Employer may be held liable for assault committed by employee when employer fails to exercise due care in selection of employee.**

The proprietor of a restaurant may be held liable for an assault committed by his employee upon a customer if the proprietor knew, or in the exercise of reasonable care in the selection and supervision of his employee should have known, that the employee would be likely to commit an assault upon a customer by reason of past conduct, bad temper, or otherwise, even though the particular assault was not committed within the scope of the employment; but when there is no evidence of any express or implied knowledge on the part of the proprietor of such propensity on the part of the employee, or that any officer or other employee of the proprietor failed to act promptly to restrain the employee committing the assault after difficulties arose, the evidence is insufficient to invoke this rule.

**3. Master and Servant § 33—**

The employer is liable to third persons for an assault committed by an employee if the act of the employee occurs while the employee is engaged in doing something he is employed or authorized to do for the employer,

WEGNER v. DELICATESSEN.

notwithstanding the act is unauthorized or even prohibited, but if the act of the employee is committed to accomplish a personal purpose of the employee after the employee had departed, however briefly, from his duties, and such purpose is not incidental to the work he is employed to do, the employer is not liable.

4. Same— Evidence held insufficient to show that assault by employee was committed by him while engaged in duties of his employment.

Plaintiff's evidence was to the effect that he was a customer in defendant's restaurant, that defendant's bus boy had removed dirty dishes from the table and had brought a clean glass to plaintiff as requested, but slammed the clean glass down on the table and, after beginning duties at another table, returned to plaintiff and menaced him with a fork, was restrained by employees of the corporation who took the fork away from the bus boy, that the bus boy suddenly pulled away and assaulted plaintiff by hitting him in his face with his fists and kicking him in the side and stomach. Held: The evidence discloses an unjustified and unprovoked assault by the bus boy for some undisclosed and personal motive, but fails to show that the assault was committed while the bus boy was doing anything related to the duties of his employment, and the employer's motion to nonsuit was properly allowed.

HIGGINS, J., dissents.

APPEAL by plaintiff from *Hasty, J.*, at the 31 October 1966 Schedule D Civil Session of MECKLENBURG.

The plaintiff sues for damages alleged to have been sustained as the result of an assault and battery upon him by one Billy Johnson, in the scope of Johnson's employment by the defendant in its restaurant, the plaintiff being a customer therein at the time of the alleged assault. The answer admits that the plaintiff and his young son entered the restaurant, took seats at a table and placed an order, that Johnson was an employee of the defendant and that Johnson struck the plaintiff, the remaining material allegations of the complaint, including the allegation that Johnson so acted within the scope of his employment, being denied.

At the close of all of the evidence, a judgment of nonsuit was entered. The plaintiff assigns as error the granting of the motion for such judgment and certain rulings upon the admission of evidence.

The evidence introduced by the plaintiff may be summarized as follows:

The plaintiff, 49 years of age, and his nine year old son went to the defendant's restaurant, where the plaintiff had previously eaten on several occasions. On this occasion, he took a seat at a table and gave to a waitress his order for food and milk for himself and his son. The waitress brought two cartons of milk and two clean

glasses, placing these upon the table, on which there were dirty dishes left by a previous customer.

Johnson, employed by the defendant as a bus boy, then came from a back room and began picking up dirty dishes from an adjoining table. The plaintiff had never seen or spoken to him before. The plaintiff requested him to remove the dirty dishes from his table. Johnson came over and picked them up, taking also one of the clean glasses which the waitress had just brought. The plaintiff told Johnson the clean glass was his and requested Johnson to bring him another clean glass. In response to this request, Johnson returned to the table in two or three minutes with a clean glass, slammed it down upon the table and walked over to another table to remove dishes therefrom. He looked over at the plaintiff and said, "You didn't like that, did you?" The plaintiff replied, "Well, I didn't think it was too funny." Nothing else whatever was said by the plaintiff to Johnson. Johnson immediately returned to the plaintiff's table with a fork in his hand and asked the plaintiff if he wanted his eyes cut out. The plaintiff sat still and made no reply. A customer at the next table called the son of the president of the defendant corporation, both the president and the son being also employed in the restaurant. The son came, took the fork away from Johnson and began to walk Johnson toward the back of the restaurant.

Thereupon, the plaintiff said to his own son, "Let's get out of here," and pushed his chair back preparatory to leaving. Before he could arise, Johnson pulled away from his fellow employee, who was seeking to restrain him, hit the plaintiff in the face with his fist and kicked him in the side and stomach. At no time did the plaintiff strike or kick Johnson or attempt to do so. At no time did he say anything to Johnson except as above quoted. He sustained pain and injuries as the result of the blows and kicks which he received. He did not at any time refer to Johnson's race or address him by any derogatory term.

Peter H. Gerns for plaintiff appellant.
Carpenter, Webb & Golding by James P. Crews for defendant appellee.

LAKE, J. When the evidence is considered in the light most favorable to the plaintiff, as it must be in reviewing the judgment of nonsuit, it shows a well-behaved invitee in a restaurant, the proprietor of which holds itself out as serving the public, assaulted, without justification or provocation, by an employee of the restaurant owner and severely beaten and injured. The plaintiff attacks

the judgment of nonsuit upon two grounds: (1) The evidence is sufficient to support a finding that the defendant, itself, violated a duty owed to its invitee; (2) the evidence is sufficient to support a finding that the defendant is liable for the wrongful act of its employee.

It is elementary that the proprietor of a business establishment owes to those who enter upon the premises in response to his invitation, express or implied, for the purpose of purchasing the goods or services which the proprietor represents himself as offering to sell or to render, the duty to use reasonable care to keep the premises in a safe condition for such use by such invitee. *Hedrick v. Tigniere,* 267 N.C. 62, 147 S.E. 2d 550, and cases there cited. This duty extends to the proprietor of a restaurant or other establishment serving meals for compensation. *Sledge v. Wagoner,* 248 N.C. 631, 104 S.E. 2d 195. As a corollary to or application of this rule, proprietors of such establishments have been held liable to invitees therein assaulted by an employee of the establishment whom the proprietor knew, or in the exercise of reasonable care in the selection and supervision of his employees should have known, to be likely, by reason of past conduct, bad temper or otherwise, to commit an assault, even though the particular assault was not committed within the scope of the employment. See: *Brittingham v. Stadiem,* 151 N.C. 299, 66 S.E. 128; Annot., 40 A.L.R. 1212, 1215; Annot., 114 A.L.R. 1033, 1041. This basis for imposing liability upon the proprietor for an assault by his employee is, however, the negligence of the proprietor, himself, in the selection or supervision of his employee.

In *Robinson v. Sears, Roebuck & Co.,* 216 N.C. 322, 4 S.E. 2d 889, Seawell, J., dissenting, was of the opinion that the more extensive duty imposed upon a common carrier of passengers for the protection of such passengers from assaults while in the carrier's conveyance, should be imposed upon all corporate proprietors of business establishments. This suggestion was, however, not adopted by the majority of the Court and the view so taken by the majority is in accord with decisions in other jurisdictions. *Rahmel v. Lehndorff,* 142 Cal. 681, 76 P. 659; *Davidson v. Chinese Republic Restaurant Co.,* 201 Mich. 389, 167 N.W. 967.

In the present case, the complaint does not allege, and there is no evidence whatever tending to show, a breach by the defendant of its duty to keep its premises in a reasonably safe condition for use by its invitees. There is nothing to indicate that the defendant should have known that its employee was a high tempered, quarrelsome or dangerous man. There is neither allegation nor evidence that this employee had engaged in any affray or attack upon an-

other person prior to this occurrence. There is no evidence to show that he had been in the employ of the defendant prior to the day on which this occurrence took place, or that the defendant failed to make reasonable investigation of his suitability for the position of bus boy prior to his employment.

There is no evidence to support a finding that any officer or other employee of the defendant failed to act promptly to restrain Johnson when the difficulty arose. On the contrary, the evidence supports the statement in the plaintiff's brief that, "taking this evidence most strongly against the defendant, the entire incident took but seconds from the time of the first verbal contact between plaintiff and the bus boy to the final blow administered by the latter."

Considering the evidence in the light most favorable to the plaintiff, it fails, therefore, to show any act or omission by the defendant, itself, which would constitute a breach of its duty to its invitee.

It is equally elementary that an employer is liable to a third person injured by the wrongful act or neglect of his employee if, but only if, such act or omission occurred in the course of the employment; that is, while the employee was engaged in doing something he was employed, or otherwise authorized, to do for the defendant employer. *Duckworth v. Metcalf*, 268 N.C. 340, 150 S.E. 2d 485; *Hinson v. Chemical Corp.*, 230 N.C. 476, 53 S.E. 2d 448; *Dickerson v. Refining Co.*, 201 N.C. 90, 99, 159 S.E. 446. If the servant was engaged in performing the duties of his employment at the time he did the wrongful act which caused the injury, the employer is not absolved from liability by reason of the fact that the employee was also motivated by malice or ill will toward the person injured, or even by the fact that the employer had expressly forbidden him to commit such act. *Hammond v. Eckerd's*, 220 N.C. 596, 18 S.E. 2d 151; *Dickerson v. Refining Co., supra; West v. Woolworth Co.*, 215 N.C. 211, 1 S.E. 2d 546. See also, Annot., 34 A.L.R. 2d 372, 396. On the other hand, it is not sufficient to hold the employer liable that the wrongful act occurred while the employee was at his post of duty during the hours of work. *Robinson v. McAlhaney*, 214 N.C. 180, 198 S.E. 647; *Snow v. DeButts*, 212 N.C. 120, 193 S.E. 224. Likewise, it is not enough to render the employer liable that the employee did the wrongful act for the purpose of benefiting the employer. *Hammond v. Eckerd's, supra.* If the act of the employee was a means or method of doing that which he was employed to do, though the act be wrongful and unauthorized or even forbidden, the employer is liable for the resulting injury, but he is not liable if the employee departed, however briefly, from his

duties in order to accomplish a purpose of his own, which purpose was not incidental to the work he was employed to do. *Long v. Eagle Store Co.,* 214 N.C. 146, 198 S.E. 573; *Dickerson v. Refining Co., supra; Robinson v. McAlhaney, supra.*

These well known principles govern the liability of an employer for an assault committed by his employee upon a third party. *Hoppe v. Deese,* 232 N.C. 698, 61 S.E. 2d 903; *Robinson v. Sears, Roebuck & Co., supra; Robinson v. McAlhaney, supra; Long v. Eagle Store Co., supra; Snow v. DeButts, supra; Munick v. Durham,* 181 N.C. 188, 106 S.E. 665. As stated by Barnhill, J., speaking for the Court in *Robinson v. McAlhaney, supra,* "If an assault is committed by the servant, not as a means or for the purpose of performing the work he was employed to do, but in a spirit of vindictiveness or to gratify his personal animosity or to carry out an independent purpose of his own, then the master is not liable."

Applying these principles, this Court in *Long v. Eagle Store Co., supra,* held the employer liable for false arrest of a suspected shoplifter by the assistant manager of the employer's store on the ground that the assistant manager was employed to protect the goods in the store from theft, and his act was a means of carrying out and for the purpose of carrying out that duty. However, in *Snow v. DeButts, supra,* though the assault occurred on the premises of the employer, and though the quarrel grew out of a conversation relating to testimony of the plaintiff in litigation concerning the employer, the employer was held not liable for the assault because it had no relation to the work the attacking employee was employed to do.

Similarly, in other jurisdictions, the employer has been held liable for assaults by employees having responsibility for the collection of the price of goods sold or services rendered, or for the adjustment of complaints by customers, or for the maintenance of order upon the premises, the assault being thought to have been committed for the purpose of carrying out such duty. *Dilli v. Johnson,* 71 App. D. C. 139, 107 F. 2d 669; *Crum v. Walker,* 241 Iowa 1173, 44 N.W. 2d 701; *Schutlz v. Purcell's, Inc.,* 320 Mass. 579, 70 N.E. 2d 526; *Bryce v. Jackson Diners Corp.,* 80 R.I. 327, 96 A. 2d 637; *Anderson v. Covert,* 193 Tenn. 238, 245 S.W. 2d 770. See also, Annot., 34 A.L.R. 2d 372, 380, 414-421. However, owners of restaurants have been held not liable for assaults by waitresses upon patrons, the assault having no relation to the duty of the employee except that it was the culmination of remarks exchanged while the waitress was proceeding with her work and the customer waiting for or consuming his meal. *Fisher v. Hering,* 88 Ohio App. 107, 97

N.E. 2d 553; *Norris v. China Clipper Cafe* (Tex. Civ. App.), 256 S.W. 2d 664.

In *Norris v. China Clipper Cafe, supra,* the facts were somewhat similar to the defendant's version of those before us. The waitress in an eating establishment had some difficulty in taking the orders of a wedding party, some members of which had apparently been consuming numerous toasts to the bride. At her request, the manager assigned a different waitress to this party and she turned her attention to customers at other tables nearby. In serving them, she was obliged to pass and repass the table at which the wedding party sat. As she did so, she and the bride exchanged various comments relating to their respective appearances, hairdos, figures and appropriate zoological classifications. These conversations were brought to an abrupt end when the waitress lifted the bride from her seat by her hair, slapped her and deposited her on the floor of the cafe. The owner of the cafe was held not liable for the reason that the assault was not a means of performing any duty for which the waitress was employed and so was not in the course of her employment.

In the present case, the employee who committed the assault was a bus boy. He had no managerial responsibilities. He was not employed to take orders for food, serve them or collect the bills. His job was to collect and remove dishes, carry trays, and the like. Whatever the source of his animosity toward the plaintiff may have been, he did not strike the plaintiff as a means or method of performing his duties as bus boy. A different situation would be presented if the glass which he "slammed down" upon the table had shattered and injured the plaintiff, for there the employee would have been performing an act which he was employed to do and his negligent or improper method of doing it would have been the act of his employer in the contemplation of the law. However, the assault, according to the plaintiff's testimony, was not for the purpose of doing anything related to the duties of a bus boy, but was for some undisclosed, personal motive. It cannot, therefore, be deemed an act of his employer and this basis for attacking the judgment of nonsuit also fails.

It is not necessary to determine the correctness of rulings upon the admission of evidence, which the plaintiff assigns as error, since neither the admission of that which was excluded nor the exclusion of that which was admitted would have affected the correctness of the judgment of nonsuit.

Affirmed.

HIGGINS, J., dissents.