ROBERTSON v. NELSON

[116 N.C. App. 324 (1994)]

WILLIAM JAMES ROBERTSON, JR., AND MONIKA ROSEWITHA ROBERTSON, PLAINTIFFS-APPELLANTS v. DANNY RAY NELSON, DEFENDANT-APPELLEE

No. 9312SC474

(Filed 6 September 1994)

**1. Discovery and Depositions § 21 (NCI4th)— discovery and trial depositions—no distinction**

There is no distinction between a discovery deposition and a trial deposition under N.C.G.S. § 1A-1, Rule 32.

**Am Jur 2d, Depositions and Discovery §§ 130 et seq.**

**2. Evidence and Witnesses § 1987 (NCI4th)— exclusion of discovery deposition as cumulative evidence—error**

In an action to recover for injuries sustained in an automobile accident, the trial court erred by excluding as cumulative a discovery deposition of plaintiff's treating physician where defendant stipulated to his negligence as the cause of the accident; the discovery deposition was different from the trial deposition in that it provided medical testimony that the collision caused plaintiff to suffer impotence as well as low back pain; and the exclusion of the deposition might have had a material effect on the jury's verdict on damages to plaintiff and the jury's finding of no loss of consortium for plaintiff's wife.

**Am Jur 2d, Appeal and Error §§ 797 et seq.**

Appeal by plaintiff William James Robertson, Jr., from judgment entered 17 December 1992 and order entered 7 January 1993 by Judge William C. Gore, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 8 February 1994.

*Rand, Finch & Gregory, P.A., by Thomas Henry Finch, Jr., for plaintiff appellant William James Robertson, Jr.*

*Anderson, Broadfoot, Johnson, Pittman, Lawrence & Butler, by Steven C. Lawrence, for defendant appellee.*

COZORT, Judge.

Plaintiff William Robertson, Jr., filed this action against defendant Danny Ray Nelson to recover damages for injuries he sustained in a motor vehicle accident which occurred on 28 September 1987. His

wife, Monika, joined in the suit claiming damages for loss of consortium. Defendant stipulated that his negligence was a proximate cause of the collision. A jury awarded damages in the amount of $62,500.00 to plaintiff William Robertson, Jr. The jury found no loss of consortium as to plaintiff Monika Robertson. Both plaintiffs made a motion for a new trial on 22 December 1992. The trial court granted a new trial to plaintiff Monika Robertson; it denied the motion as to plaintiff William Robertson, Jr. Plaintiff William Robertson, Jr., appeals. The sole issue presented on appeal is whether the trial court erred in excluding the "discovery" deposition of a physician from the evidence and in failing to order a new trial based on this ground. Defendant's counsel conducted a "discovery" deposition and a "trial" deposition of the male plaintiff's treating physician. We find the trial court's exclusion of the deposition was error, and we find sufficient potential prejudice to require a new trial. Pertinent facts and procedural history follow.

On 28 September 1987 a motor vehicle operated by plaintiff William J. Robertson, Jr., collided with a motor vehicle operated by defendant Danny Ray Nelson. The negligence of defendant Nelson was a proximate cause of the collision. Plaintiffs William J. Robertson and Monika R. Robertson were legally married on 15 September 1966 and have remained continuously married since that date and up to the time of trial. Plaintiffs filed suit on or about 21 September 1990 requesting damages for William J. Robertson for injuries suffered in the collision and damages for Monika R. Robertson for loss of William's society, companionship, sexual fulfillment and affection. Plaintiffs alleged William, as a result of the injuries sustained in the collision, was no longer able to function as Monika's marriage partner.

On 5 January 1991 as part of pre-trial discovery, defendant's counsel conducted two depositions of one of plaintiff's treating physicians, Dr. Thomas C. Leitner. Prior to the taking of the deposition, defendant's counsel sent letters to plaintiff and to plaintiff's counsel explaining that defendant's counsel would initially question Dr. Leitner on a "discovery basis" and "thereafter go through a direct examination for use in trial." Plaintiff's counsel did not object to the procedure of taking a "discovery" deposition separate and distinct from a "trial" deposition. Plaintiff's counsel cross-examined Dr. Leitner only during the "trial" deposition.

ROBERTSON v. NELSON

[116 N.C. App. 324 (1994)]

The first deposition, the discovery deposition, lasted approximately one hour and was conducted pursuant to the following stipulation: "Said deposition shall be taken for the purpose of discovery or for any other purpose allowed under the Rules of Civil Procedure." The second deposition (trial deposition) commenced immediately following the discovery deposition and was taken pursuant to this stipulation: "Said deposition shall be taken for the purpose of trial or for any other purpose allowed under the Rules of Civil Procedure."

At trial, the plaintiff attempted to introduce the discovery deposition into evidence. The trial court refused to admit the discovery deposition into evidence, ruling that, under N.C.R. Evid. 403, "to allow the same would be cumulative with the [trial] deposition of Dr. Leitner which has been read and that the same would be a waste of time in the court's opinion."

The issues submitted to the jury, and the jury's answers, are:

1. What amount, if any, is the plaintiff William J. Robertson entitled to recover for personal injury?

Answer: 62,500.00

(Answer issue number two regardless of how you answer issue number one.)

2. Did the negligence of the defendant proximately cause Monika R. Robertson to lose the consortium of her husband?

Answer: No

(You will answer issue number three, only if you answer issue number two "Yes".)

3. What amount, if any, is Monika R. Robertson entitled to recover for loss of consortium?

Answer: -0-

This the 17th day of December 1992.

After the verdict, both plaintiffs moved for a new trial, contending the exclusion of the "discovery" deposition prejudiced the plaintiffs. Plaintiffs contended below that Dr. Leitner's testimony in the "discovery" deposition was different from his testimony in the "trial" deposition. They argued that his "discovery" testimony would have been additional substantive evidence that the collision caused plaintiff Williams to suffer impotence as well as low back pain. Plaintiff

argued that the exclusion of the "discovery" deposition materially affected the jury's award of damages. On 7 January 1993 the trial court granted a new trial for plaintiff Monika R. Robertson. The trial court denied a new trial for plaintiff William J. Robertson, Jr. Plaintiff William J. Robertson, Jr. (hereinafter "plaintiff"), appeals.

On appeal plaintiff contends the trial court committed prejudicial error by summarily excluding the discovery deposition from evidence. Plaintiff argues: "It is a compelling inference that the jury's damage award to the plaintiff was based upon the jury having been convinced by the defendant that the plaintiff's impotence problem was not" proximately caused by the accident. Plaintiff argues that "a different result would have likely ensued" at trial had he been allowed to introduce the discovery deposition into evidence. We agree.

[1] We turn first to the issue of whether it was error to exclude the discovery deposition. Rule 32 of the North Carolina Rules of Civil Procedure, governing the use of depositions, states:

> (a) *Use of depositions.*—At the trial . . . any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> * * * *
>
> (4)   The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: . . . that the witness is at a greater distance than 100 miles from the place of trial . . . .

N.C. Gen. Stat. § 1A-1, Rule 32 (1990). This provision is identical to Federal Rule 32. North Carolina has not yet addressed the distinction between a "discovery" deposition and a "trial" deposition; however, federal cases state that no distinction exists for purposes of applying Rule 32: "The Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial . . . . Moreover, we are unaware of any authority which makes that distinction." *Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir. 1991). Following the Fourth Circuit Court of Appeals, we hold there is no distinction between a discovery deposition and a trial deposition, under Rule 32.

Furthermore, the pre-trial order contained in the record below contains the following stipulation by the parties:

> 4. The following is a list of all known exhibits the plaintiff William James Robertson, Jr., may offer at the trial:
>
>> A. *All discovery materials*, including video depositions and all demonstrative exhibits used during the depositions of any witness or party; (emphasis added).

By the parties' own agreement, the discovery deposition was admissible evidence at trial. Consequently, it was error for the trial court to exclude the discovery deposition from the evidence.

[2] We must now determine whether the exclusion of the discovery deposition was prejudicial error. The trial court reviewed both depositions and excluded the discovery deposition, finding it to be cumulative. Plaintiff.contends the discovery deposition contained significant information which could have influenced the jury's decision regarding the cause of plaintiff's impotence. We agree.

With defendant stipulating to his negligence as the cause of the collision, this case went to trial on damages to the plaintiff and loss of consortium, and attendant damages thereto, for plaintiff's wife. Defendant contended plaintiff's impotence was due to pre-existing conditions, especially inguinal hernias, and not the collision. Our review of the two depositions leads us to the conclusion that the exclusion of the discovery deposition might have had a material effect on the jury's verdict on damages to the plaintiff and the jury's finding of no loss of consortium for plaintiff's wife. In the discovery deposition, Dr. Leitner states that "there is no neurological reason that inguinal hernia surgery would cause impotency." He also testified that a hernia does not usually affect sexual function.

Defendant contends these and other differences referenced by plaintiff are "negligible at best and could not reasonably be portrayed as having any significant effect on the outcome of the trial." We must disagree. Viewing all of the evidence, we are unable to conclude that the exclusion had no effect on the jury's considerations. A new trial is in order.

Finally, we turn to an issue raised by defendant concerning the need for separate discovery depositions and trial depositions. Defendant contends the need for separate depositions was brought

about by our Supreme Court's decision in *Crist v. Moffatt*, 326 N.C. 326, 389 S.E.2d 41 (1990). In *Crist*, the Court concluded:

> In summary, the gravamen of the issue is not whether evidence of plaintiff's medical condition is subject to discovery, but by what methods the evidence may be discovered. We conclude that considerations of patient privacy, the confidential relationship between doctor and patient, the adequacy of formal discovery devices, and the untenable position in which *ex parte* contacts place the nonparty treating physician supersede defendant's interest in a less expensive and more convenient method of discovery. We thus hold that defense counsel may not interview plaintiff's nonparty treating physicians privately without plaintiff's express consent.

*Id.* at 336, 389 S.E.2d at 47. We recognize the holding in *Crist* has caused problems for the trial bar. We are not convinced that having separate "trial" depositions and "discovery" depositions is the answer. Perhaps our General Assembly should consider amending the Rules of Discovery to address these concerns.

New trial.

Judges ORR and GREENE concur.