NO. COA11-548-2

NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

MICHAEL A. GREEN and DANIEL J.
GREEN,
        Plaintiffs,

        v.                                    Guilford County
                                              No.  2006-CVS-12622
JACK L. FREEMAN, JR., CORINNA W.
FREEMAN, PIEDMONT CAPITAL
HOLDING OF NC, INC., PIEDMONT
EXPRESS AIRWAYS, INC., PIEDMONT
SOUTHERN AIR FREIGHT, INC., AND
NAT GROUP, INC.,
        Defendants,

        v.

LAWRENCE J. D'AMELIO, III,
        Third-Party Defendant.


        Appeal by defendant Corinna Freeman and cross-appeal by

plaintiffs from order entered 8 July 2010 and judgment entered 2

June 2010 and by Judge Edwin G. Wilson, Jr. in Superior Court,

Guilford County.  Heard in the Court of Appeals 16 November

2011. By opinion entered 4 September 2012, this Court affirmed

the trial court's orders. By opinion entered 8 November 2013,

the North Carolina Supreme Court reversed this Court's opinion

and remanded for consideration of additional issues.


        *Thomas B. Kobrin, for plaintiff-appellants.*

*Forman Rossabi Black, P.A., by T. Keith Black, Gavin J. Reardon, and Elizabeth Klein, for defendant-appellant Corinna Freeman.*

STROUD, Judge.

This case comes to us on remand from the North Carolina Supreme Court, which reversed this Court's prior opinion and remanded for us to consider the issue of agency. We affirm the trial court's order allowing defendant Corinna's motion for directed verdict on the issue of agency.

## I.    Background

The relevant background facts have been laid out by our Supreme Court in *Green v. Freeman*, ___ N.C. ___, ___, 749 S.E.2d 262, 265-67 (2013) (*Green I*), and we will not repeat them here. The Supreme Court held that plaintiffs' evidence on breach of fiduciary duty was insufficient as a matter of law, but remanded for this Court to consider whether the trial court erred in allowing defendant Corinna Freeman's motion for directed verdict on an agency theory of liability and piercing the corporate veil. *Id.* at ___, 749 S.E.2d at 271.

## II.   Agency and Piercing the Corporate Veil

To hold Corinna personally liable for the actions of the corporation,

plaintiffs must present evidence of three elements:

(1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

(2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of [a] plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Id.* at ___, 749 S.E.2d at 270 (citation and quotation marks omitted).

The Supreme Court has already held that plaintiffs presented sufficient evidence on the first element. It remanded to this Court for us to consider whether plaintiffs presented sufficient evidence on the other two elements. The only remaining issue to be considered is that of agency. Plaintiffs argue that the trial court erred in allowing defendant Corinna's motion for directed verdict on an agency theory because there was evidence that Jack Freeman, her son, was her agent.

We conclude that, even assuming the 2001 letter created an agency relationship, it was an agency relationship between the Piedmont companies and Jack, not between Corinna and Jack. Although the Supreme Court held that it was proper to pierce the corporate veil, plaintiffs only argue that Jack was Corinna's *personal* agent, not that he was an agent of the corporation, and that piercing the corporate veil therefore makes Corinna liable for his acts. Accordingly, we affirm the trial court's order directing verdict on the issue of agency.

A.   Standard of Review

> The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury. When determining the correctness of the denial for directed verdict or judgment notwithstanding the verdict, the question is whether there is sufficient evidence to sustain a jury verdict in the non-moving party's favor or to present a question for the jury.

*Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322-23, 411 S.E.2d 133, 138 (1991) (citations omitted).

B.   Analysis

Agency, like piercing the corporate veil, is not itself a cause of action; it is "the relationship that arises from the manifestation of consent by one person to another that the other

shall act on his behalf and subject to his control, and consent by the other so to act." *Outer Banks Contractors, Inc. v. Daniels & Daniels Const., Inc.*, 111 N.C. App. 725, 730, 433 S.E.2d 759, 762 (1993) (citation and quotation marks omitted).

"Agency is a fact to be proved as any other, and where there is no evidence presented tending to establish an agency relationship, the alleged principal is entitled to a directed verdict." *Albertson v. Jones*, 42 N.C. App. 716, 718, 257 S.E.2d 656, 657 (1979); *Outer Banks Contractors, Inc.*, 111 N.C. App. at 730, 433 S.E.2d at 762 ("The presence of a principal-agent relationship is a question of fact for the jury when the evidence tends to prove it; a question of law for the trial court if the facts lead to only one conclusion.").

To establish an agency relationship, "[t]he principal must intend that the agent shall act for him, the agent must intend to accept the authority and act on it, and the intention of the parties must find expression either in words or conduct between them." *Ellison v. Hunsinger*, 237 N.C. 619, 628, 75 S.E.2d 884, 891 (1953) (citation and quotation marks omitted). "An agency can be proved generally, by any fact or circumstance with which the alleged principal can be connected and having a legitimate tendency to establish that the person in question was his agent

for the performance of the act in controversy." *Munn v. Haymount Rehabilitation & Nursing Center, Inc.*, 208 N.C. App. 632, 637-38, 704 S.E.2d 290, 295 (2010) (citation and quotation marks omitted).

An agency relationship can impose vicarious liability on a principal for the torts committed by an agent when he "is acting within the line of his duty and exercising the functions of his employment." *King v. Motley*, 233 N.C. 42, 45, 62 S.E.2d 540, 543 (1950). "If the act of the employee was a means or method of doing that which he was employed to do, though the act be unlawful and unauthorized or even forbidden, the employer is liable for the resulting injury . . . ." *Wegner v. Delly-Land Delicatessen, Inc.*, 270 N.C. 62, 66, 153 S.E.2d 804, 808 (1967). Here, the claims against Jack—the purported agent—were fraud, breach of fiduciary duty, and unfair and deceptive business practices.

Plaintiffs argue that Corinna made Jack her agent by writing and signing the following letter, dated 30 November 2001 and entitled "RE: CORPORATE RESOLUTION":

> Dear Jack:
>
> As of this date, November 30, 2001, please be advised that I am delegating responsibility and authority for making all corporate, financial, operational, and

administrative decisions for the company to you.

You are free to delegate further in any area of the business to persons you decide are appropriate and qualified to insure the smooth and successful operation of the company.

Sincerely,
[signature]

Corinna Freeman
Chairperson

Although we agree that this letter and the other evidence could establish an agency relationship, plaintiffs misidentify the principal. This evidence, in the light most favorable to plaintiffs, shows that Corinna appointed Jack a general agent on behalf of "the company" in her capacity as "Chairperson." He was empowered to make "all corporate, financial, operational, and administrative decisions for the company." Nothing in the 2001 letter—and no other evidence presented at trial—indicates that Corinna appointed Jack as her personal agent or that she intended to empower him to act on her own behalf in any way other than as the corporate "chairperson." If Jack was the corporation's agent, not Corinna's, then the corporation, not Corinna, would normally be liable for the torts committed within the scope of his duties. *See Green I*, ___ N.C. at ___, 749 S.E.2d at 270 ("The general rule is that in the ordinary course

of business, a corporation is treated as distinct from its shareholders." (citation and quotation marks omitted)); *Holleman v. Aiken*, 193 N.C. App. 484, 504, 668 S.E.2d 579, 592 (2008) (stating that "a principal is liable for the torts of its agent which are committed within the scope of the agent's authority" (citation and quotation marks omitted)).

Legally, there is a distinction between Jack's actions on behalf of the corporation and his actions purportedly as Corinna's agent, and it appears that this is the distinction which the Supreme Court directed us to address:

> In other words, if the trial court properly dismissed plaintiffs' agency claims, it is irrelevant whether Corinna exercised domination and control over the Piedmont companies. On the other hand, if the trial court erred in dismissing the agency claims, the question remains whether plaintiffs may recover against Corinna on those claims through the piercing the corporate veil doctrine. Therefore, we reverse and remand to the Court of Appeals for a determination of whether the trial court erred in granting Corinna's motion for a directed verdict on plaintiffs' agency claims for fraud and breach of fiduciary duty.

*Green I*, ___ N.C. at ___, 749 S.E.2d at 271.

Because the parties' original briefs failed to address this distinction, we ordered that the parties submit supplemental briefing to address the issues on remand from the Supreme Court.

They did so, but plaintiffs made no argument that Corinna is liable for Jack's actions *as a corporate agent* through piercing the corporate veil, or on any other theory. It is not the duty of this Court to construct arguments for appellants. *Foster v. Crandell*, 181 N.C. App. 152, 162, 638 S.E.2d 526, 533, *cert. and disc. rev. denied*, 361 N.C. 567, 650 S.E.2d 602 (2007). Therefore, we address only the argument presented—that Jack was Corinna's personal agent empowered to act on her behalf. For the foregoing reasons, we conclude that there was insufficient evidence that Jack was Corinna's personal agent, acting under actual authority.

Plaintiffs also argue that even if Jack did not have actual authority to act as Corinna's personal agent, he had apparent authority to do so. "Apparent authority is that authority which the principal has held the agent out as possessing or which he has permitted the agent to represent that he possesses." *Pet, Inc. v. University of North Carolina*, 72 N.C. App. 128, 135, 323 S.E.2d 745, 750 (1984) (citation, quotation marks, and ellipses omitted). Plaintiffs introduced no evidence that Corinna ever made any representations to them, let alone any representations that Jack had authority to act on her behalf. Plaintiffs failed to show that Corinna otherwise acted in such a way as to convey

to plaintiffs the idea that Jack had authority to act on her behalf. Jack's out-of-court representations about his authority to act for Corinna are irrelevant. *See Dailey v. Integon General Ins. Corp.*, 75 N.C. App. 387, 399, 331 S.E.2d 148, 156 (noting that "the general rule is that neither the fact nor the extent of an agency relationship can be proved by the out-of-court statements of an alleged agent."), *disc. rev. denied*, 314 N.C. 664, 336 S.E.2d 399 (1985); *Munn*, 208 N.C. App. at 639, 704 S.E.2d at 296 ("The scope of an agent's apparent authority is determined not by the agent's own representations but by the manifestations of authority which the principal accords to him." (citation and quotation marks omitted)); *State v. Sturgill*, 121 N.C. App. 629, 638, 469 S.E.2d 557, 563 (1996) ("Apparent authority arises when *a principal* intentionally or by want of ordinary care causes or allows a third person to believe that an agent possesses authority to act for that principal." (citation, quotation marks, and brackets omitted) (emphasis added)). Therefore, there was insufficient evidence to establish Jack's apparent authority to act as a personal agent of Corinna.

We conclude that plaintiffs failed to present sufficient evidence, taken in the light most favorable to plaintiffs, that Jack was Corinna's personal agent empowered with either actual

or apparent authority to sustain a jury verdict in their favor on that theory. Therefore, we hold that the trial court did not err in granting defendant Corinna's motion for directed verdict on the theory of agency.

### III. Exclusion of Deposition

Plaintiffs further argue that the trial court erred in excluding the deposition of Corinna that they attempted to introduce at trial under N.C. Gen. Stat. § 1A-1, Rule 32. Defendant Corinna objected on the basis that she was present and available to testify, and that therefore reading the deposition was unnecessary.

Under N.C. Gen. Stat. § 1A-1, Rule 32(a)(3) (2007), "[t]he deposition of a party . . . may be used by an adverse party for any purpose, whether or not the deponent testifies at the trial or hearing." Here, the trial court excluded the portions of Corinna's deposition offered by plaintiffs because

> [i]t just stands in the face of reason that you would have three co-defendants sitting here in court and that you could get their testimony just by introducing the deposition, with no attempt at that point for them to be cross examined.

It further sustained the objection under Rule 403 on the basis that the evidence would confuse the jury, reasoning that there

were multiple defendants and that the jury might be tempted to use one defendant's admissions against the others.

First, we conclude that the trial court's interpretation of Rule 32 was error. The plain language of the rule permits the use of a deposition of a party by an adverse party for any purpose, regardless of "whether or not the deponent testifies." N.C. Gen. Stat. § 1A-1, Rule 32(a)(3). Indeed, this Court has specifically held that a party's presence at trial is not a reason to prevent an adverse party from introducing her deposition. *Stilwell v. Walden*, 70 N.C. App. 543, 547-48, 320 S.E.2d 329, 332 (1984). Therefore, the presence of defendant at trial or her availability as a witness is wholly immaterial to the issue of whether her deposition may be used against her.

Moreover, for purposes of Rule 32, it is irrelevant that there were multiple defendants at trial. Rule 32(a) specifically permits the use of a deposition "against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof." N.C. Gen. Stat. § 1A-1, Rule 32(a); *see Floyd v. McGill*, 156 N.C. App. 29, 40, 575 S.E.2d 789, 796 (holding that admission of one defendant's deposition was proper where she was present at the deposition, even though she was represented at the time by the same counsel as her co-

defendants), *disc. rev. denied*, 357 N.C. 163, 580 S.E.2d 364 (2003). There is no dispute that all of the co-defendants received adequate notice that her deposition would be taken and that all were represented at the taking of Corinna's deposition. *Cf. Craig v. Kessig*, 36 N.C. App. 389, 400, 244 S.E.2d 721, 727 (1978) (noting that a party's deposition can be used against him, even if his co-defendants were not present when the deposition was taken, and that were such a situation to arise in a jury trial the proper remedy would be appropriate limiting instructions), *aff'd*, 297 N.C. 32, 253 S.E.2d 264 (1979). We conclude that the trial court erred in excluding the proffered portions of Corinna's deposition under Rule 32. Further, we note, as there was some confusion on this point at trial, that "there is no distinction between a discovery deposition and a trial deposition[] under Rule 32." *Robertson v. Nelson*, 116 N.C. App. 324, 327, 447 S.E.2d 488, 490 (1994). If the trial court had allowed plaintiff to use Corinna's deposition testimony, defendant would have had the opportunity to raise objections to portions of the deposition testimony and the trial court could have ruled upon those objections.

Second, the trial court abused its discretion in excluding the offered portions of Corinna's deposition under the North

Carolina Rules of Evidence, Rule 403. Under Rule 403, otherwise admissible evidence may nonetheless be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice [or] confusion of the issues." N.C. Gen. Stat. § 8C-1, Rule 403 (2007). We review a trial court's application of Rule 403 for an abuse of discretion. *Warren v. Jackson*, 125 N.C. App. 96, 99, 479 S.E.2d 278, 280, *disc. rev. denied*, 345 N.C. 760, 760, 485 S.E.2d 310, 310-11 (1997). "An abuse of discretion occurs when the trial court's decision was unsupported by reason and could not have been a result of competent inquiry." *Leggett v. AAA Cooper Transp., Inc.*, 198 N.C. App. 96, 101, 678 S.E.2d 757, 761 (2009) (citation and quotation marks omitted).

Here, the only possible confusion raised by defendants was the risk that the jury might use the information contained in one defendant's deposition against the other two defendants. The questions and answers in the portions of Corinna's deposition offered by plaintiffs all concerned her role in the Piedmont companies, her awareness of Jack's actions, and her training and experience in the cargo aviation business. We fail to see any possible reason that admission of this evidence would lead the jury to confuse the issues.

The only possible confusion raised by defendants was that the evidence given by Corinna might be used against her co-defendants. But it is common sense that this is exactly the reason that the plaintiffs would want to use the evidence, and such use is explicitly permitted under Rule 32 when the co-defendant was represented at the deposition which an adverse party seeks to admit. *See* N.C. Gen. Stat. § 1A-1, Rule 32(a); *Craig*, 36 N.C. App. at 400, 244 S.E.2d at 727. It is clear that the trial court made its decision under a misapprehension of the applicable law and not based upon the actual content of the portions of the deposition which plaintiffs sought to admit. Therefore, we conclude that the trial court abused its discretion in excluding the proffered portions of Corinna's deposition under Rule 403.

Having concluded that the trial court erred in excluding Corinna's deposition, we must consider whether this error requires reversal. "The exclusion of evidence constitutes reversible error only if the appellant shows that a different result would have likely ensued had the error not occurred. The burden is on the appellant not only to show error, but to show *prejudicial* error." *Latta v. Rainey*, 202 N.C. App. 587, 603, 689 S.E.2d 898, 911 (2010) (citations, quotation marks, and ellipses

omitted). We hold that plaintiffs have failed to show that the trial court's error here was prejudicial.

First, the deposition testimony does not change the fact that "[b]ecause plaintiffs never became shareholders, Corinna could not have owed them, as shareholders, fiduciary duties." *Green I*, ___ N.C. at ___, 749 S.E.2d at 269. Second, Corinna's deposition does not indicate that she had any contact with plaintiffs or that "they relied on or trusted in her when they chose to invest in the Piedmont companies." *Id.* Therefore, the inclusion of the deposition would have had no effect on plaintiffs' breach of fiduciary duty claims. *See id.* Finally, the inclusion of this deposition would have had no effect on the agency theory of liability, given our discussion above. Nothing in the deposition indicates that Corinna authorized Jack to act on her behalf in a personal capacity. The deposition does include additional evidence that Corinna continued to be involved in the Piedmont companies after her 2001 letter and that she delegated to Jack all of her corporate responsibilities. But this evidence has no bearing on her intent to make Jack a personal agent.

We conclude that plaintiffs have failed to show "that a different result would have likely ensued had the error not

occurred." *Latta*, 202 N.C. App. at 603, 689 S.E.2d at 911. As a result, we hold that although the trial court erred in excluding Corinna's deposition under Rule 32 of the North Carolina Rules of Civil Procedure and under Rule 403 of the North Carolina Rules of Evidence, that error was not prejudicial.

## IV. Conclusion

For the foregoing reasons, we affirm the trial court's order allowing defendant Corinna Freeman's motion for directed verdict on the issue of agency. We further conclude that plaintiffs have failed to show that the trial court's error in excluding Corinna's deposition was prejudicial.

AFFIRMED; NO PREJUDICIAL ERROR.

Judges BRYANT and CALABRIA concur.