An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1424
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

EHAB ABDELAZIZ
      Plaintiff,

v.                                      Mecklenburg County
                                        No. 11 CVS 19947
MOHAMMED ASMAR, KHALID
AYOUB ALNABULSI, and SUMA, INC.,
d/b/a XPRESS 13, a dissolved NC
corporation,
      Defendants.


Appeal by plaintiff from judgment entered 4 March 2013 by Judge Robert T. Sumner in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 April 2014.

*Wait Law, P.L.L.C., by John L. Wait, for plaintiff.*

*Caudle & Spears, P.A., by Christopher P. Raab and L. Cameron Caudle, Jr., for defendants.*


ELMORE, Judge.

On 13 February 2013, a jury, in relevant part, found that 1.) Mohammed Asmar (Asmar) committed an assault and battery against Ehab Abdelaziz (plaintiff), but 2.) Suma, Inc., through its owner, Khalid Ayoub Alnabulsi (defendant), did not ratify Asmar's acts. The trial court ordered that plaintiff recover

from Asmar $140,000 for personal injury, $200,000 for punitive damages with an interest rate of eight percent per annum from 27 October 2011 until paid in full, and $3,663.06 for court costs. The trial court dismissed with prejudice plaintiff's claims against defendant and further ordered that plaintiff recover nothing from him. Plaintiff appeals. After careful consideration, we hold that the trial court did not err.

## I. Facts

On 12 April 2010, Asmar attacked plaintiff at a gas station and convenience store located on Westinghouse Boulevard in Charlotte. The gas station and convenience store were leased and operated by Suma, Inc., whose sole shareholder and owner was defendant. Asmar was defendant's employee, and plaintiff was an operations manager for the lessor, Sam's Mart, Inc. (Sam's Mart) at all times relevant to this appeal. On the day of the assault and battery, plaintiff went to defendant's store to conduct an on-site inspection pursuant to his role as an operations manager for Sam's Mart. Initially, plaintiff and defendant discussed business matters and walked throughout the store. Plaintiff then noted that Asmar was not wearing a proper uniform, at which point Asmar approached plaintiff, exchanged some words, began swearing, and pushed him. All three men exited the store, Asmar

punched and kicked plaintiff, and plaintiff sustained a fractured left knee and torn ACL. Once the altercation concluded, plaintiff terminated Asmar "[o]n the spot outside the store" and told him to leave the premises immediately.

On 27 October 2011, plaintiff filed a complaint that alleged the following: 1.) assault and battery against both Asmar and defendant; 2.) intentional infliction of mental distress against Asmar; and 3.) negligent hiring and supervision against defendant. Before trial, plaintiff submitted proposed written jury instructions to the trial court, which, in relevant part, stated:

> A principal will be liable for an agent's intentional wrongful acts under the doctrine of respondeat superior when, by a preponderance of the evidence, plaintiff proves that the agent's act(s)[.] . . . is ratified by the principal. . . . (b) Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him.

> (c) To establish ratification of an otherwise unauthorized act, the plaintiff must show that the principal had knowledge of all material facts and circumstances relative to the wrongful act, and that the principal, by words or conduct, showed an intention to ratify the act.

> (d) A jury may find ratification from any

> course of conduct on the part of the principal which reasonably tends to show an intention on his part to ratify the agent's unauthorized acts; ***such course of conduct may involve an omission to act***.

(emphasis added). During the charge conference, plaintiff requested the trial court to adopt his proposed instructions that included the emphasized ratification-by-omission instruction above. The trial court denied plaintiff's request and did not include the ratification-by-omission language in its instructions to the jury.

## II. Analysis

This Court first notes that it dismisses plaintiff's appeal for his failure to give timely notice of appeal in accordance with N.C. Appellate Procedure Rule 3(c). Nevertheless, after determining that the lost appeal was no fault of defendant's but an error by his attorney, we grant defendant's petition for writ of certiorari and address the merits of his appeal pursuant to N.C. Appellate Procedure Rule 21. *See* N.C.R. App. P. 21 (stating that "writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action").

On appeal, plaintiff argues that the trial court erred by refusing to provide the jury with the ratification-by-omission instruction. Specifically, plaintiff avers that the trial court should have instructed the jury that defendant could be liable for Asmar's assault and battery through defendant's omission to act during the altercation. We disagree.

We review the sufficiency of jury instructions under a *de novo* standard of review. *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009).

> [W]hen a request is made for a specific instruction, correct in itself and supported by evidence, the trial court, while not obliged to adopt the precise language of the prayer, is nevertheless required to give the instruction, in substance at least, and unless this is done, either in direct response to the prayer or otherwise in some portion of the charge, the failure will constitute reversible error.

*Erie Ins. Exch. v. Bledsoe*, 141 N.C. App. 331, 335, 540 S.E.2d 57, 60 (2000) (quoting *Calhoun v. State Highway & Pub. Works Com.*, 208 N.C. 424, 426, 181 S.E. 271, 272 (1935)), *disc. review denied*, 353 N.C. 371, 547 S.E.2d 442 (2001). Furthermore,

> [w]hen reviewing the refusal of a trial court to give certain instructions requested by a party to the jury, this Court must decide whether the evidence presented at trial was sufficient to support a reasonable inference by the jury of the elements of the claim. If the instruction is supported by

> such evidence, the trial court's failure to give the instruction is reversible error.

*Ellison v. Gambill Oil Co.*, 186 N.C. App. 167, 169, 650 S.E.2d 819, 821 (2007) (citations omitted), *aff'd per curiam and disc. review improvidently allowed*, 363 N.C. 364, 677 S.E.2d 452 (2009). In sum, "[a] specific jury instruction should be given when '(1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury.'" *Outlaw v. Johnson*, 190 N.C. App. 233, 243, 660 S.E.2d 550, 559 (2008) (quoting *Liborio v. King*, 150 N.C. App. 531, 534, 564 S.E.2d 272, 274, *disc. review denied*, 356 N.C. 304, 570 S.E.2d 726 (2002)).

Generally, an individual owes no duty to another "to anticipate that a crime will be committed . . . and to act upon that belief." *O'Connor v. Corbett Lumber Corp.*, 84 N.C. App. 178, 182, 352 S.E.2d 267, 270 (1987) (citation and quotation omitted). However, "an employer may be held liable for the criminal act of his employee if the act was . . . ratified after its commission[.]" *Id.* (citation omitted). Ratification is "the affirmance by a person of a prior act which did not bind

him but which was done or professedly done on his account[.]" *Guthrie v. Conroy*, 152 N.C. App. 15, 27, 567 S.E.2d 403, 411-12 (2002) (citation and quotation omitted) (emphasis added). A jury can find ratification based on "any course of conduct on the part of the principal which reasonably tends to show an intention on his part to ratify the agent's unauthorized acts, and such course of conduct may involve an omission to act." *Id*. at 27, 567 S.E.2d at 412 (citations and quotations omitted).

Our courts have recognized that an employer can be held liable for his failure to act during an assault. In *Wegner v. Delly-Land Delicatessen, Inc.,* the plaintiff went to the defendant's restaurant and was assaulted by defendant's employee, a bus boy. 270 N.C. 62, 64, 153 S.E.2d 804, 806 (1967). Evidence showed that moments before the assault occurred, another employee of the defendant attempted to separate the bus boy from the plaintiff. *Id*. In holding that the defendant was not liable for the plaintiff's injuries, our Supreme Court noted that the plaintiff failed to show that "any officer or other employee of the defendant failed to act promptly to restrain [the bus boy] when the difficulty arose" or "any act or omission by the defendant, itself, which would

constitute a breach of its duty to its invitee." *Id*. at 66, 153 S.E.2d at 807.

Similarly, in *Wallace v. M, M & R, Inc.*, the defendant-employer was found liable for injuries to the plaintiff inflicted by employee-bouncers when he "failed to intervene in the beating of [the] plaintiff. He did not ask the bouncers to stop or attempt to break up the attack on [the] plaintiff in any way." 165 N.C. App. 827, 834, 600 S.E.2d 514, 518 (2004).

Plaintiff contends that a ratification-by-omission-instruction should have been given because defendant "fail[ed] to intervene when Mr. Asmar assaulted and battered [him][.]" Plaintiff's argument is without merit.

A review of the surveillance video shows that when plaintiff and Asmar (the men) began to converse, defendant stood next to them and monitored the situation. Defendant then attended to a customer quickly, but as the exchange between the men escalated, defendant walked towards them and motioned with his left arm to move the men away from customers. When the men started pushing each other inside the store, defendant moved in between them in an attempt to stop the altercation. Despite defendant's efforts, the altercation commenced in the store and continued outside. Defendant followed the men outside despite

having customers waiting inside the store. As Asmar punched and kicked plaintiff, defendant, once again, placed himself in between the men and moved plaintiff away from Asmar, at which point the altercation ended. After the violent acts ended, defendant immediately fired Asmar and told him to "leave right now. . . . Don't come here anymore." Thus, the evidence at trial was devoid of any indication that defendant failed to act during the altercation. Conversely, he put himself at risk of physical harm during his multiple attempts to defuse the situation. Accordingly, the trial court did not err by refusing plaintiff's ratification-by-omission instruction.

### III. Conclusion

In sum, the trial court did not err by refusing to provide the jury with a ratification-by-omission instruction because no evidence at trial supported such an instruction.

No error.

Judges McCULLOUGH and DAVIS concur.

Report per Rule 30(e).