B. B. WALKER COMPANY, PLAINTIFF v. BURNS INTERNATIONAL SECURITY SERVICES, INC., DEFENDANT

No. 9119SC1146

(Filed 5 January 1993)

## 1. Labor and Employment § 230 (NCI4th)— thefts by security guards—respondeat superior inapplicable

Plaintiff's evidence was not sufficient to go to the jury on plaintiff's claim for conversion under the doctrine of *respondeat superior* where security guards supplied by defendant security firm to plaintiff manufacturer stole significant amounts of plaintiff's property which they had been assigned to protect since the acts of theft committed by the guards were not authorized or ratified by defendant, and the guards were not acting within the scope of their employment and in furtherance of defendant's business when the criminal acts occurred.

**Am Jur 2d, Master and Servant §§ 417, 424, 426-427, 434, 437, 445.**

**Actions of security service company's employee as rendering company liable under contract to protect persons or property. 83 ALR4th 1150.**

B. B. WALKER CO. v. BURNS INTERNATIONAL SECURITY SERVICES

[108 N.C. App. 562 (1993)]

2. **Labor and Employment § 189 (NCI4th)— thefts by security guards—insufficient evidence of negligent hiring or retention**

Plaintiff manufacturer's evidence was insufficient for the jury on its claim against defendant security firm for negligent hiring, supervision and retention of two security guards who stole from plaintiff property which they had been assigned to protect where plaintiff failed to show that there was anything in the background of either guard which should have put defendant on notice that such guard was incompetent or otherwise unfit for the job, and there was no showing that defendant should have reasonably foreseen that more supervision was required to prevent deliberate criminal acts by its employees.

**Am Jur 2d, Master and Servant §§ 422, 458-459.**

**Security guard company's liability for negligent hiring, supervision, retention, or assignment of guard. 44 ALR4th 620.**

3. **Negligence § 2 (NCI3d)— thefts by security guards—negligent breach of contract—insufficient evidence**

Plaintiff's evidence was insufficient for the jury on its claim for negligent breach of contract where it tended to show that plaintiff hired defendant security firm to provide security for its facility and the security guards supplied by defendant stole property from plaintiff, but plaintiff was unable to show any wrongful act or omission for which defendant may be held liable.

**Am Jur 2d, Contracts § 732.**

4. **Contracts § 41 (NCI4th)— thefts by security guards—contract limiting liability to negligence**

Defendant security firm which agreed to furnish security services for plaintiff's facility could not be held liable under a breach of contract theory for the theft of plaintiff's property by security guards supplied by defendant where the parties' contract provides, "Client agrees that [defendant] shall be liable only for personal injury or property damage resulting directly from the sole negligence or the proportionate share of any concurrent negligence by [defendant] or its officers, agents or employees acting within the scope of their employment, and within the performance of services rendered hereunder,"

**B. B. WALKER CO. v. BURNS INTERNATIONAL SECURITY SERVICES**

[108 N.C. App. 562 (1993)]

since this language protects defendant from liability for the deliberate criminal conduct of its employees.

**Am Jur 2d, Master and Servant § 404.**

Appeal by plaintiff from judgment entered 23 May 1991 in Special Civil Session of Randolph County Superior Court by Judge Russell G. Walker, Jr. Heard in the Court of Appeals 21 October 1992.

This is a civil action arising out of a contractual relationship in which defendant agreed to supply security guard service to plaintiff. Subsequent to their assignment at plaintiff's manufacturing facility, the security guards supplied by defendant stole significant amounts of plaintiff's property, which the guards had been assigned to protect.

Plaintiff brought this action seeking to recover damages resulting from defendant's alleged negligence in hiring, retaining, and supplying of security guards and alleged breach of contract. A trial ensued, and on 23 May 1991, Judge Walker allowed defendant's motion for a directed verdict against plaintiff on all of its claims and entered judgment dismissing plaintiff's action. On 18 June 1991, plaintiff gave notice of appeal.

*Smith Helms Mulliss & Moore, by James A. Medford and Deborah L. Hayes, for plaintiff-appellant.*

*Petree Stockton & Robinson, by Daniel R. Taylor, Jr. and Donald M. Nielsen, for defendant-appellee.*

WELLS, Judge.

Plaintiff contends that the trial court committed reversible error in directing a verdict for defendant on the following claims: (1) a tort claim under the doctrine of *respondeat superior*; (2) a negligent hiring, supervision and retention claim; (3) a negligent breach of contract claim; and (4) a breach of contract claim.

### The Standard of Review

"A motion by a defendant for a directed verdict under G.S. 1A-1, Rule 50(a) tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff." *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E.2d 678 (1978). In determining whether a trial judge's ruling on defendant's motion

**B. B. WALKER CO. v. BURNS INTERNATIONAL SECURITY SERVICES**

[108 N.C. App. 562 (1993)]

for a directed verdict was proper, "plaintiffs' evidence must be taken as true and all the evidence must be considered in the light most favorable to the plaintiffs, giving plaintiffs the benefit of every reasonable inference." *West v. King's Dept. Store, Inc.*, 321 N.C. 698, 365 S.E.2d 621 (1988). "A directed verdict is improper unless it appears, as a matter of law, that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish." *Id.* With these principles as our guide, we must determine whether the plaintiff's evidence, when considered in the light most favorable to plaintiff, was legally sufficient to withstand defendant's motion for a directed verdict as to any of its claims.

### Respondeat Superior

[1] Plaintiff first contends that the damages which plaintiff suffered as a consequence of the security guards' thefts were a legally compensable result of defendant's breach of a duty of care owed to the plaintiff by the defendant and that defendant should be liable for the guards' thefts under the doctrine of *respondeat superior*. Although plaintiff has not clearly enunciated its position on this point, it appears that plaintiff's *respondeat superior* argument is directed toward the conversion of plaintiff's property by defendant's employees. As a general rule, a principal will be liable for its agent's wrongful act under the doctrine of *respondeat superior* when the agent's act is (1) expressly authorized by the principal; (2) committed within the scope of the agent's employment and in furtherance of the principal's business—when the act comes within his implied authority; or (3) ratified by the principal. *Medlin v. Bass*, 327 N.C. 587, 398 S.E.2d 460 (1990). Thus, in order for plaintiff to recover under this claim, the evidence presented must sufficiently establish that the conduct of defendant and/or its agent falls within one of these categories.

Plaintiff does not contend that the acts of theft committed by security guards Freedle and Albright were either authorized or ratified by defendant. Rather, plaintiff argues that the security guards were acting within the scope of their employment and in furtherance of defendant's business when the criminal acts occurred because defendant placed the guards in a unique position to steal plaintiff's property by hiring and assigning them to provide security at plaintiff's facility. The guards were alone on plaintiff's property at night and had access to the goods which they stole by nature

of their employment. Therefore, plaintiff argues, in essence, that the thefts committed by the two security guards were so very closely connected to their employment duties that they were able to steal the very items they were employed to protect. Plaintiff then concludes that such conduct was naturally incident to their employment. We disagree.

"To be within the scope of employment, an employee, at the time of the incident, must be acting in furtherance of the principal's business and for the purpose of accomplishing the duties of his employment." *Troxler v. Charter Mandala Center*, 89 N.C. App. 268, 365 S.E.2d 655, *disc. review denied*, 322 N.C. 838, 371 S.E.2d 284 (1988). "If an employee departs from that purpose to accomplish a purpose of his own, the principal is not [vicariously] liable." *Id.* Furthermore, this Court has stated that "intentional tortious acts are rarely considered to be within the scope of an employee's employment." *Brown v. Burlington Industries, Inc.*, 93 N.C. App. 431, 378 S.E.2d 232, *disc. review allowed*, 325 N.C. 270, 384 S.E.2d 514, *cert. granted*, 325 N.C. 704, 387 S.E.2d 55 (1989), *disc. review improvidently allowed*, 326 N.C. 356, 388 S.E.2d 769 (1990).

The security guards' acts of theft were clearly contrary to, and not in furtherance of, the business of defendant which was to provide security for the facility and the property contained therein. In fact, the employees' thefts were indirectly contrary to the principal's business. The thefts resulted from the guards' personal motives; therefore, they cannot be deemed an act of their employer. *Wegner v. Delicatessen*, 270 N.C. 62, 153 S.E.2d 804 (1967). (Employer not answerable in tort for deliberate assault committed by employee.) Accordingly, the trial court properly concluded that plaintiff's evidence was not legally sufficient to go to the jury and support a verdict for plaintiff for conversion under the doctrine of *respondeat superior*.

### Negligent Hiring, Supervision and Retention

**[2]** Next, plaintiff contends that the evidence was legally sufficient to withstand defendant's motion for a directed verdict on plaintiff's claims of negligent hiring, supervision, and retention. We disagree.

As stated by our Supreme Court in *Medlin v. Bass, supra*, North Carolina recognizes a claim against an employer for the negligent hiring and retention of an employee where certain requirements are met. Drawing from *Medlin* and the cases cited

**B. B. WALKER CO. v. BURNS INTERNATIONAL SECURITY SERVICES**

[108 N.C. App. 562 (1993)]

and relied upon therein, it appears that in order to prevail on its claim in this case, plaintiff would have to prove (1) the wrongful act on which the claim is founded (the theft); (2) the incompetency of the guards to perform their duty, either by inherent unfitness for the job, or by showing such incompetence by previous conduct; and (3) either actual or constructive notice to defendant of the guards' unfitness or bad conduct.

There was no such showing in this case. While plaintiff alleged that defendant was negligent in hiring the guards, there was no showing that there was anything in the background of either man which should have put defendant on notice that either man was incompetent or otherwise unfit for the job. Plaintiff centers its argument on retention and supervision, contending that had the guards been properly or adequately "supervised," their thefts could have been prevented. This amounts to no more than speculation that because defendant failed to adequately guard the guards, it was negligent. We see no showing here that defendant should have reasonably foreseen that more supervision was required to prevent these deliberate criminal acts which were the cause of plaintiff's loss. This argument must be rejected.

### Negligent Breach of Contract

[3] For the reasons we have stated with respect to plaintiff's other negligence based claims, plaintiff's claim for negligent breach of contract was properly dismissed. Plaintiff was unable to show any wrongful act or omission in support of this claim for which defendant may be held liable.

### Breach of Contract

[4] In its last assignment of error, plaintiff contends that its evidence of a breach of contract was legally sufficient to withstand defendant's motion for a directed verdict. We disagree.

In its contract with plaintiff, defendant agreed to furnish security personnel for plaintiff's facility, but the contract contained the following limiting language.

LIMITS OF LIABILITY

Client acknowledges that Burns is not an insurer. Burns makes no warranty, express or otherwise, that the services furnished shall avert or prevent occurrences or consequences therefrom.

. . . Client agrees that Burns shall be liable only for personal injury or property damage resulting directly from the sole negligence or the proportionate share of any concurrent negligence by Burns or its officers, agents or employees acting within the scope of their employment, and within the performance of services rendered hereunder.

Under this explicit language, defendant could not be held answerable for the deliberate criminal conduct of its employees, and this argument is therefore rejected.

## Defendant's Cross Appeal

In its purported cross appeal defendant attempts to challenge the trial court's admission of an insurance certificate contained in plaintiff's exhibit #1. We need not reach this question.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.