REBA BALL STANLEY v. W. STEPHEN BROOKS AND RLK, INC. D/B/A BOB KING MITSUBISHI

No. 9221SC1223

(Filed 16 November 1993)

1. **Labor and Employment § 235 (NCI4th)— employee's prior criminal history—no knowledge by employer—insufficiency of evidence of negligent hiring**

    The trial court properly entered summary judgment for defendant on plaintiff's claim of negligent hiring where the individual defendant was a salesman for defendant car dealership; when plaintiff, a potential customer, took a vehicle out on a test drive, the individual defendant allegedly sexually assaulted her; the individual defendant had been charged three years before the incident in question with first-degree sexual offense and first-degree burglary and had pled guilty to lesser charges; but the forecast of evidence failed to show that defendant knew or reasonably could have known of the individual defendant's criminal history prior to the incident with plaintiff.

    **Am Jur 2d, Master and Servant § 452 et seq.**

2. **Labor and Employment § 227 (NCI4th)— sexual assault on customer by car salesman during test drive—respondeat superior inapplicable—car dealer not liable to plaintiff**

    The trial court properly entered summary judgment for defendant on plaintiff's claim of respondeat superior where the evidence tended to show that the individual defendant, a salesman for defendant car dealership, was exercising the authority vested in him when he took plaintiff for a test drive of an automobile, but when he proceeded to sexually assault her, his actions amounted to intentional tortious conduct designed to carry out his own independent purpose and not that of his employer for which the employer could be held liable.

    **Am Jur 2d, Master and Servant §§ 430-433.**

    **Liability of employer, other than carrier, for a personal assault upon customer, patron, or other invitee. 34 ALR2d 372.**

Appeal by plaintiff from judgment entered 16 September 1992 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 25 October 1993.

STANLEY v. BROOKS

[112 N.C. App. 609 (1993)]

Viewed in the light most favorable to plaintiff, the evidence tends to show the following: On or about 11 January 1989, the individual defendant, W. Stephen Brooks, applied for employment with defendant Mitsubishi and was hired as a car salesman. Brooks worked at Mitsubishi until November 1989, at which time he went to work for Cloverdale Ford, another automobile dealership located in Forsyth County. He worked at Cloverdale Ford until Mitsubishi reemployed him on 19 April 1990. He continued working at Mitsubishi from April 1990 until January 1991. At all times defendant Brooks alleges that he was one of the top three salesmen for defendant Mitsubishi.

On 26 January 1991, plaintiff, then eighteen years of age, considered purchasing a car from Mitsubishi. She met with defendant Brooks to test drive a Mitsubishi pickup truck. Plaintiff alleged that during the test drive Brooks assaulted her by touching and grabbing her about her arms, hands, groin area, and breasts. He also allegedly exposed his genitals and placed her hand on his private parts. Upon returning from the test drive, Brooks allegedly took plaintiff to the Mitsubishi service department, and again exposed himself and tried to force her to touch him. Plaintiff freed herself from Brooks and left the premises.

At the time of the assault in January 1991, defendant Brooks had been charged in 1988 with first degree sexual offense and first degree burglary, to which he pleaded guilty to lesser charges in February 1989. On 4 June 1991, Brooks was convicted on charges arising out of the incident with plaintiff.

Plaintiff filed a complaint against defendants alleging that as a result of the assault by defendant Brooks she suffered from severe emotional distress. A default judgment was entered against defendant Brooks. Defendant Mitsubishi moved for summary judgment, and the trial court entered a final judgment as to RLK, Inc. d/b/a/ Bob King Mitsubishi on 16 September 1992. Plaintiff appeals from the latter judgment.

*Morrow, Alexander, Tash, Long & Black, by C.R. "Skip" Long, Jr., for plaintiff-appellant.*

*Hutchins, Tyndall, Doughton & Moore, by Richard Tyndall, for defendant-appellee RLK, Inc., d/b/a Bob King Mitsubishi.*

ARNOLD, Chief Judge.

Plaintiff's only assignment of error is that the trial court erred by granting summary judgment in favor of defendant Mitsubishi. She argues that two theories exist from which she has presented sufficient evidence to show a genuine issue of material fact: negligent hiring and respondeat superior. Plaintiff also argues that under a respondeat superior theory and/or a gross negligence theory, a jury could determine that defendant's negligence rises to a level of willful, wanton or reckless disregard of plaintiff's rights, thus supporting an award of punitive damages.

[1] Plaintiff claims that the evidence was sufficient to raise a genuine issue of material fact on her claim of negligent hiring. North Carolina recognizes a claim for negligent hiring when the plaintiff proves:

> (1) the specific negligent act on which the action is founded ... (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) *either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in 'oversight and supervision,'* . . . ; and (4) that the injury complained of resulted from the incompetency proved.

*Walters v. Lumber Co.*, 163 N.C. 431, 435, 80 S.E. 49, 51 (1913) (quoting Shearman & Redfield on Negligence § 190 (6th ed. 1913)) (emphasis added); *see also Pleasants v. Barnes*, 221 N.C. 173, 19 S.E.2d 627 (1942). Thus, employers of certain establishments can be held liable to an invitee therein assaulted by an employee of the place of business whom the employer "knew, or in the exercise of reasonable care in the selection and supervision of his employees should have known, to be likely, by reason of past conduct, bad temper or otherwise, to commit an assault, even though the particular assault was not committed within the scope of the employment." *Wegner v. Delicatessen*, 270 N.C. 62, 65, 153 S.E.2d 804, 807 (1967).

The Supreme Court has recently addressed the issue of an employer's notice in a case not unlike the case at bar. In *Medlin v. Bass*, 327 N.C. 587, 398 S.E.2d 460 (1990), summary judgment was upheld in favor of defendants Franklin County Board of Education (FCB) and others associated with FCB, who had a claim for

negligent hiring brought against them by the plaintiff, a minor, who allegedly was sexually assaulted by the school's principal, defendant Bass. The plaintiff contended, *inter alia*, that FCB negligently investigated defendant Bass before hiring him. The evidence showed that before working in the Franklin County Schools, defendant had worked as a teacher and principal in Rocky Mount, North Carolina for ten years. In 1968, a Rocky Mount student alleged that Bass sexually assaulted the student. Although he never confirmed or denied the incident, Bass resigned. The following year FCB hired him after telephoning only one of his references. FCB also sent forms to two other references in accordance with FCB policy, but did not receive them until after hiring Bass. None of these contacts revealed the previous alleged sexual assault. Although rumors surfaced that Bass was a homosexual, these rumors remained unconfirmed and Bass became a FCB principal, having performed his duties in a satisfactory manner for approximately sixteen years at the time of the alleged assault in Franklin County. The Court held that the facts were "devoid of evidence that defendants FCB or [the school superintendent] knew or reasonably could have known of defendant Bass' alleged pedophilic tendencies prior to the incident that is the subject of this lawsuit." *Medlin*, 327 N.C. at 592, 398 S.E.2d at 463.

Plaintiff contends that unlike the defendants in *Medlin*, the defendant here failed to conduct a reasonable investigation of its employee. A presumption exists that an employer has used due care in hiring his employees. *See Pleasants v. Barnes*, 221 N.C. 173, 19 S.E.2d 627. The burden rests with the plaintiff to show that he has been injured as a result of the employer's negligent hiring if the employer had actual or constructive knowledge of the employee's incompetency. *Id.* There is no argument that defendant had actual knowledge of Brooks' criminal past. Furthermore, the record is devoid of any suggestion that defendant had any constructive knowledge of Brooks' past, or that defendant did not exercise due care in hiring Brooks. Although defendant admits that it did not do a criminal record check on Brooks, we believe that it did not have a duty to do so. *See, e.g., Evans v. Morsell*, 284 Md. 160, 395 A.2d 480 (1978) (stating that the majority of courts do not recognize a duty to inquire about an employee's criminal record). Instead, defendant had a sufficient basis to rely upon Brooks because he was re-hired in April 1990, at which time he had a known history of top salesmanship with Mitsubishi and

good work habits. Moreover, at the second hiring (the time frame in which the assault occurred), Brooks filled out an insurance application in which he responded in the negative to the question "Have you ever been convicted of a fraudulent or dishonest act?" Therefore, as in *Medlin*, the forecast of evidence failed to show that Mitsubishi knew or reasonably could have known of Brooks' criminal history prior to the incident with plaintiff. Since the facts fail to support a material element of negligent hiring summary judgment was therefore proper.

[2] Plaintiff also contends that there is a genuine issue of material fact regarding defendant Mitsubishi's liability under a respondeat superior theory. An employer may be liable under the theory of respondeat superior when the employee's act was either expressly authorized, committed within the scope and in furtherance of the employer's business, or subsequently ratified by the employer. *Medlin*, 327 N.C. 587, 398 S.E.2d 460. "To be within the scope of employment, an employee, at the time of the incident, must be acting in furtherance of the principal's business and for the purpose of accomplishing the duties of his employment." *B.B. Walker Co. v. Burns International Security Services*, 108 N.C. App. 562, 566, 424 S.E.2d 172, 174, *disc. review denied*, 333 N.C. 536, 429 S.E.2d 552 (1993) (quoting *Troxler v. Charter Mandala Center*, 89 N.C. App. 268, 271, 365 S.E.2d 665, 668, *disc. review denied*, 322 N.C. 838, 371 S.E.2d 284 (1988)). Furthermore, "[w]here the employee's actions conceivably are within the scope of employment and in furtherance of the employer's business, the question is one for the jury." *Medlin*, 327 N.C. at 593, 398 S.E.2d at 463. Intentional torts are seldom considered to be within the scope of an employee's employment. *Id.* at 594, 398 S.E.2d at 464.

The alleged sexual assault by defendant Brooks clearly was not within the scope and in furtherance of his employment. The duties of the salespersons at Mitsubishi were to "meet and greet individuals interested in automobiles, help with selection and place the tag on the vehicle after the transaction." While defendant Brooks was exercising the authority vested in him to take plaintiff for a test drive, in proceeding to sexually assault her his actions fell within "the category of intentional tortious acts designed to carry out an independent purpose of defendant [Brooks'] own . . . ." *Id.* There was no genuine issue of material fact, therefore, regarding defendant Mitsubishi's derivative liability under a respondeat

superior theory, and summary judgment for defendant Mitsubishi was proper.

Based on our decision that summary judgment was proper as to defendant's negligence, we need not address plaintiff's final argument on the issue of punitive damages.

Affirmed.

Judges WELLS and JOHNSON concur.