47 F.3d 1165
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry James MAXWELL, Plaintiff-Appellant,
v.
TELE TECH COMPANY, INCORPORATED, Defendant-Appellee,
and
Paul Fugate, Defendant.
 No. 94-1916.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1995.
Decided Feb. 2, 1995.
 
 Appeal from the United States District Court, for the Eastern District of North Carolina, at Raleigh; James C. Fox, Chief District Judge (CA-93-70).
 Robert Macon Talford, Charlotte, NC, for appellant.
 Michael J. Rousseaux, Wishart, Norris, Henninger & Pittman, P.A., Charlotte, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON, HAMILTON, and WILLIAMS, Circuit Judges.
 Affirmed by unpublished per curiam opinion.
 Unpublished opinions are not binding precedent in this circuit. See I.O.P. 36.5 and 36.6.
 OPINION
 PER CURIAM:
 
 
 1
 The Appellant, Larry Maxwell, appeals the district court's order granting summary judgment to the Defendant, Tele Tech, in his attempt to recover for injuries sustained when he was hit by an automobile driven by a Tele Tech employee. We affirm the district court's order granting summary judgment to Tele Tech.
 
 
 2
 Summary judgment is appropriate when the pleadings, responses to discovery, and affidavits, if any, reveal that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When considering motions for summary judgment, courts must view the facts and inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The mere scintilla of evidence will be insufficient; there must be enough evidence that a jury could reasonably find for the non-movant. Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986).
 
 
 3
 Maxwell claims that he was injured when a vehicle driven by Tele Tech employee Paul Fugate struck him late at night on June 23, 1990. Maxwell seeks recovery against Tele Tech on the theory that it was negligent in hiring Fugate and because it should be liable for its employees' actions under respondeat superior.
 
 
 4
 North Carolina law presumes that an employer uses due care in the hiring of its employees. Stanley v. Brooks, 436 S.E.2d 272, 274 (N.C.App.1993), review denied, 442 S.E.2d 521 (N.C.1994). Maxwell alleges that Tele Tech knew or should have known that Fugate would have to operate a motor vehicle in the state of North Carolina and that Fugate's driving record should have put it on notice that Fugate was a hazard to others. However, Maxwell's allegations in the pleadings and discovery responses fail to establish an essential element of the claim.
 
 
 5
 Maxwell never responded to Tele Tech's motion for summary judgment. In its motion, Tele Tech provided evidence that Fugate's duties did not involve driving an automobile, nor was he acting in the furtherance of his employer's business during the weekend of the accident. To prevail on his negligent hiring claim, Maxwell must show that Fugate was incompetent to perform his assigned duties. Medlin v. Bass, 398 S.E.2d 460, 462 (N.C.1990). Yet, Maxwell never disputes Tele Tech's showing that driving was not a job duty of Fugate's. Because Maxwell failed to respond to Tele Tech's motion for summary judgment and his pleadings alone are insufficient to create a material issue of fact, Tele Tech is entitled to judgment as a matter of law.
 
 
 6
 Likewise, Maxwell's claim under respondeat superior fails because he does not show that Fugate was acting within the scope of his employment and in the furtherance of his employer's business at the time of the accident. Stanley, 436 S.E.2d at 274. Maxwell never challenges the showing that Fugate was not working on a company project during the weekend of the accident. Maxwell never provided any evidence which would show that Fugate was in any way or manner conducting or furthering Tele Tech's business on the night of the accident. Therefore, as a matter of law, Tele Tech is not liable for Fugate's operation of his personal automobile.
 
 
 7
 Accordingly, the district court's order granting summary judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.