SHIRLEY A. MORICLE, Plaintiff-Appellant v. RAYMOND C. PILKINGTON, CHARLES B. BROOKS, And JOHNNY R. BROOKS, d/b/a JOHNNY'S PLUMBING REPAIR SERVICE, Defendants-Appellees

No. COA94-1291

(Filed 3 October 1995)

**Labor and Employment § 189 (NCI4th)— negligent hiring, supervision, retention—summary judgment for employer proper**

The trial court properly entered summary judgment for defendant on plaintiff's claims for negligent hiring, supervision, and retention where the evidence tended to show that defendant's employees stole a bracelet from plaintiff's home while performing plumbing repairs; defendant followed hiring practices which were customary among other plumbing companies; one of defendant's employees was his nephew whom he had known since birth; defendant had no reason to believe his nephew was unfit or incompetent to work for him; defendant conducted a personal interview with his other employee during which he inquired about the employee's criminal record; the employee assured defendant he had no record; defendant did a reference check on the employee with a licensed plumber whom defendant had known personally for years; defendant was under no duty to conduct a criminal background check when hiring employees; and there was nothing in the background of either man which should have put defendant on notice that either was unfit for the job.

**Am Jur 2d, Master and Servant § 165.**

Appeal by plaintiff from order entered 8 September 1994 by Judge J.B. Allen, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 30 August 1995.

*James F. Walker, P.A., by Daniel S. Bullard, for plaintiff-appellant.*

*Latham, Wood, Hawkins, Whited & Dorrestein, by Ronald Dorrestein, for defendant-appellee Johnny R. Brooks, d/b/a Johnny's Plumbing Repair Service.*

JOHNSON, Judge.

In January of 1992, plaintiff Shirley A. Moricle and her husband William F. Moricle contracted with defendant Johnny's Plumbing

Repair Service for the performance of maintenance work at their residence in Gibsonville, North Carolina. Raymond C. Pilkington and Charles B. Brooks were employed by defendant Johnny's Plumbing Repair Service. On the 15th and 16th of January 1992, Raymond C. Pilkington and Charles B. Brooks were granted access to plaintiff's residence to perform maintenance work. Plaintiff informed defendant that she would not be in her residence at the time that the work was to be performed. While at the premises of plaintiff, Raymond C. Pilkington and Charles B. Brooks stole a fourteen carat gold diamond tennis bracelet belonging to plaintiff and converted the bracelet to their own use.

On 28 January 1992, defendant Raymond Pilkington was interviewed by Officer Gary L. Felts and Chief Morris D. McPherson, Chief of Police of Gibsonville, North Carolina. During the course of the interview, defendant Raymond Pilkington stated that on numerous occasions, he would stand watch while defendant Charles Brooks stole items from the residence in which they were working. Defendant Raymond Pilkington further stated that defendant Charles Brooks "got some stuff off the truck from Johnny's."

On 29 January 1992, defendant Charles Brooks was interviewed by Officer G. L. Felts, at which time Charles Brooks stated that defendant Raymond Pilkington used crack cocaine and had a drug problem. He stated that one could look at Raymond Pilkington's appearance and tell that he had "gone down hill." Defendant Charles Brooks further stated that defendant Raymond Pilkington owed Gordan Oliver a large amount of money for rent and that defendant Raymond Pilkington also owed Johnny Brooks for a truck payment. Defendant Charles Brooks further stated that, "I would think he [defendant Pilkington] has probably got (sic) a crack bill somewhere."

On 12 February 1992, defendant Raymond C. Pilkington was interviewed by Officer Gary L. Felts of the Gibsonville Police Department and Chief Dan Ingle of the Elon College Police Department. Raymond Pilkington admitted that he, along with Charles Brooks, had stolen a gold bracelet from the home of plaintiff. Raymond Pilkington further stated that during the six (6) months in which defendant Pilkington worked for Johnny's Plumbing Repair Service, Charles Brooks had been stealing items from the homes in which he worked for the entirety of the six (6) months in which they worked.

MORICLE v. PILKINGTON

[120 N.C. App. 383 (1995)]

Defendant Raymond Pilkington subsequently pled guilty to the crime of misdemeanor larceny and received a two-year sentence, suspended for five years. The charges against defendant Charles Brooks were subsequently dismissed. The Assistant District Attorney stated that the charges were dismissed because the only evidence against defendant Charles Brooks was "testimony of [a] co-defendant who pled guilty to larceny from [the] same victim" and she further stated that co-defendant Raymond Pilkington, was in jail in another state at that time. Defendant Charles Brooks was subsequently charged with first degree burglary in an unrelated offense and pled guilty to the lesser included offense of misdemeanor breaking and entering.

Defendant Johnny R. Brooks, the owner and operator of Johnny's Plumbing Repair Service, stated in an affidavit that he employed Charles B. Brooks from 25 July 1989 until 9 October 1992. Defendant Johnny Brooks stated that Charles B. Brooks is his nephew and defendant Johnny Brooks did not check his criminal record prior to the larceny from plaintiff on 15 January 1992. He stated that he had lived in the same general area as Charles Brooks and he had known him "since his birth." Defendant Johnny Brooks also did not conduct a criminal record check for Raymond Pilkington. He did, however, submit an affidavit showing that he had called a former employer of Raymond Pilkington to inquire about his work record. Charles Brooks did, in fact, have a criminal record and had been convicted of assault and battery in 1989. Defendant Raymond Pilkington had prior convictions for harassing telephone calls, possession of an unsealed container of alcohol and traffic offenses. Johnny Brooks further stated in the affidavit that he had no knowledge "of any wrong-doing on the part of Charles Brooks and Raymond Pilkington during the time they were employed by [his] firm until after January 15, 1992."

Plaintiff filed this action alleging that defendant Raymond C. Pilkington and defendant Charles B. Brooks had removed a fourteen carat gold diamond tennis bracelet from her home. Additional claims of negligent retention and supervision and negligent hiring were alleged against the employer, defendant Johnny R. Brooks d/b/a Johnny's Plumbing Repair Service. On 26 August 1994, defendant Johnny's Plumbing Repair Service filed a motion for summary judgment which was granted. Plaintiff appeals.

Plaintiff submits one assignment of error. She alleges that the trial court committed reversible error in granting defendant's motion for summary judgment, on the ground that there was no genuine issue

of material fact, and defendant was entitled to judgment as a matter of law.

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. Rule 56(c). "[I]ts purpose is to eliminate formal trials where only questions of law are involved." *Medlin v. Bass*, 327 N.C. 587, 590, 398 S.E.2d 460, 462 (1990) (*quoting Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971)).

Plaintiff argues that a genuine issue of material fact exists with respect to the negligent hiring, supervision and retention in the instant case. A claim for negligent hiring, supervision and retention is recognized in North Carolina when plaintiff proves:

(1) the specific negligent act on which the action is founded . . . (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) *either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in "oversight and supervision,"* . . .; and (4) that the injury complained of resulted from the incompetency proved.

*Medlin*, 327 N.C. at 591, 398 S.E.2d at 462 (*quoting Walters v. Lumber Co.*, 163 N.C. 536, 541, 80 S.E. 49, 51 (1913) (*quoting* Shearman & Redfield on Negligence § 190 (6th ed. 1913)).

The evidence presented before the trial court showed: that defendant followed hiring practices that are customary among other plumbing companies; that Brooks is defendant's nephew and defendant has known Brooks since Brooks was a child, and defendant had no reason to believe Brooks was unfit or incompetent to work for defendant; that defendant conducted a personal interview with Pilkington during which he inquired into Pilkington's criminal record; that Pilkington assured defendant that he did not have a record; that defendant did a reference check on Pilkington with W. P. Rose of W. P. Rose Plumbing, a licensed plumber whom defendant personally had known for years and knows to be a reputable plumber; and that W. P. Rose informed defendant that during the two years Pilkington worked for him, he did not receive any complaints concerning Pilkington's work or conduct.

**MORICLE v. PILKINGTON**

[120 N.C. App. 383 (1995)]

This forecast of evidence does not show that defendant knew or reasonably could have known that Brooks or Pilkington was dishonest. Thus, an essential element of the claim for negligent hiring or retention is absent. *See Medlin*, 327 N.C. 587, 398 S.E.2d 460. Therefore, summary judgment was proper.

There is nothing in the background of either man which should have put defendant on notice that either of them were unfit for the job. Further, even though Brooks and Pilkington had criminal records, neither record is indicative that Brooks and Pilkington would engage in larceny.

Defendant was under no duty to do a criminal background check when hiring his employees. *Stanley v. Brooks*, 112 N.C. App. 609, 436 S.E.2d 272 (1993), *disc. review denied*, 335 N.C. 772, 442 S.E.2d 521 (1994). Further, there is a presumption which exists that an employer uses due care in hiring its employees. *Id.*; *Pleasants v. Barnes*, 221 N.C. 173, 19 S.E.2d 627 (1942). In addition, plaintiff has the burden of showing that the employer did not use due care or that the employer had actual or constructive knowledge of the employee's unfitness for the job. *Id.* Plaintiff argues that defendant should have been able to tell from defendant Pilkington's appearance that Pilkington was in debt and in need of money, in that Pilkington owed defendant for a truck payment and rent. This argument is without merit and does not involve a genuine issue of material fact which would warrant disturbing the trial court's grant of summary judgment for defendant.

For all of the foregoing reasons, the decision of the trial court granting summary judgment for defendant is affirmed.

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, MARK M. concur.