**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SUSAN PREISLER,
Plaintiff-Appellant,

and

NELSON BERRIOS,
Plaintiff,

v.

HOSPITALITY INTERNATIONAL,
INCORPORATED, a Georgia

Corporation, a/k/a Scottish Inns;
BAN INN, INCORPORATED, a North
Carolina Corporation,
Defendants-Appellees,

and

ABC COMPANIES; JANE OR JOHN
DOES, 1 through 10,
Defendants.

No. 96-1435

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CA-94-958-5-BR(1))

Argued: December 2, 1996

Decided: January 30, 1997

Before WILKINSON, Chief Judge, ERVIN, Circuit Judge, and
DAVIS, United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael S. Kimm, Hackensack, New Jersey, for Appellant. Phillip J. Anthony, PATTERSON, DILTHEY, CLAY & BRYSON, Raleigh, North Carolina, for Appellee Ban Inn; Andrew Albert Vanore, III, YATES, MCLAMB & WEYHER, Raleigh, North Carolina, for Appellee Hospitality International. **ON BRIEF:** Philip S. Adkins, EAGEN, EAGEN & ADKINS, Durham, North Carolina, for Appellant. Grayson L. Reeves, Jr., PATTERSON, DILTHEY, CLAY & BRYSON, Raleigh, North Carolina, for Appellee Ban Inn.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hotel guests Susan Preisler and Nelson Berrios sued hotel operator Ban Inn and hotel franchisor Hospitality International for invasion of privacy and infliction of emotional distress. The district court granted summary judgment to Ban Inn and Hospitality International. Preisler appeals. Because the evidence shows that the defendants neither knew of nor ratified the alleged tortious acts by hotel employees, we affirm the judgment of the district court.

I.

On November 29, 1992, Preisler and Berrios checked into the Scottish Inn at Exit 15 on Interstate 95 in North Carolina. They were assigned room 142. Both Preisler and Berrios showered while in their room that night. They claim that during the stay they were startled by noises coming from the wall in the bathroom, on which a large vanity

2

mirror was positioned. They further allege that they discovered two separate "peeping tom" holes scraped into the mirror, behind which was a utility hallway accessible to all hotel employees. The president of Ban Inn, who manages the Scottish Inn hotel where Preisler and Berrios stayed, contends that he can find no evidence that peeping tom holes ever existed. He points out that two walls and several inches of fiberglass insulation separate the utility hallway from the bathroom in room 142, and none have holes or patch marks.

Preisler and Berrios brought suit against Ban Inn, the franchisee that operated that particular Scottish Inn, and against Hospitality International, the franchisor of the Scottish Inn chain. When Preisler and Berrios failed to provide discovery in a timely manner, the magistrate judge recommended that defendants' motion for sanctions be allowed. The district court adopted the magistrate's recommendation, dismissing Berrios' claim for discovery violations, assessing $200 in costs against Preisler, and then granting summary judgment in favor of Ban Inn and Hospitality International. Only Preisler appeals.

II.

A.

Preisler argues that the district court erred in granting summary judgment to Ban Inn and Hospitality International. She asserts that the two companies are responsible for the invasion of privacy and infliction of emotional distress that she suffered. Preisler's complaint pleads no claim of premises liability or other breach of duty owed directly to her by defendants. We therefore move directly into an analysis of whether Ban Inn and Hospitality International are vicariously liable, under respondeat superior, for torts allegedly committed by the hotel employees in this case.

Because the events at issue occurred in North Carolina, we look to North Carolina law to determine the rules of liability. In that state,

> a principal will be held liable for its agent's wrongful act under the doctrine of respondeat superior when the agent's act is (1) expressly authorized by the principal; (2) commit-

3

ted within the scope of the agent's employment and in furtherance of the principal's business--when the act comes within his implied authority; or (3) ratified by the principal.

B.B. Walker Co. v. Burns Int'l Sec. Servs., Inc. , 424 S.E.2d 172, 174 (N.C. Ct. App.), review denied, 429 S.E.2d 552 (N.C. 1993). Neither of the first two circumstances -- express authorization or scope of employment and furtherance of business -- are at issue in this case. If Ban Inn and Hospitality International are to be liable, then, it must be because they ratified the alleged peeping activities of the employees. In order to ratify an agent's action, a corporation must have actual knowledge of the behavior. Carolina Equip. & Parts Co. v. Anders, 144 S.E.2d 252, 258 (N.C. 1965) ("A principal who acted without actual knowledge of the material facts will not be held to have ratified an unauthorized act of his agent even though he failed to exercise due diligence which would have revealed the truth.").

Preisler offers no evidence that either Ban Inn or Hospitality International had actual knowledge of any alleged peeping tom activities occurring at the Scottish Inn hotel.* She merely makes a bald allegation that "defendants Hospitality International and Scottish Inns knew or should have known or would have discovered by reasonable inspection of the relevant premises that such Peeping Tom holes existed in room 142 of the hotel." This is insufficient to counter the affidavits sworn by the president of Ban Inn and the vice president of Hospitality International stating that neither company knew of or ratified any peeping tom activities in the hotel on November 29, 1992 or at any other time.

_____

*Preisler attempts to find evidence of actual knowledge by urging a "negative inference" from the fact that no inspection report from Hospitality International can be found for 1992. She implies that an inspection of the Scottish Inn in question took place in 1992 but that the report has been purposely lost or destroyed because it indicated knowledge of the peepholes. Her reliance on the lack of a report, however, is misplaced. Hospitality International made "periodic reports" each of which referred to the previous inspection. Two inspections were made in 1991. The next report in sequence was written in March 1993, and it specifically referenced the previous report made in 1991. There is no evidence that Hospitality International made an inspection in 1992, and ample evidence that it did not.

4

B.

Preisler further argues that the district court abused its discretion in imposing a $200 sanction against her for discovery delays, under Fed. R. Civ. P. 37(a)(4). She claims that the court failed to consider her mitigating circumstances, that it imposed a sanction that was more than was necessary to deter future violations, and that it imposed sanctions for expenses related to a hearing which covered matters other than the sanction motion.

We find that the district court was well within its discretion in imposing a $200 sanction on Preisler. The defendants served Berrios and Preisler with written discovery requests on July 17, 1995, with reponses due by August 21, 1995. On September 18, after contacting Berrios and Preisler's attorney to try to obtain responses to the discovery request, defendants filed a Motion to Dismiss or Compel and Motion to Recover Expenses. The magistrate judge granted the Motion to Compel. Rule 37(a)(4) requires that,

> the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including attorneys' fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure of discovery without court action, . . . or that other circumstances make an award of expenses unjust.

At the magistrate judge's request, the defendants prepared an affidavit showing that the expenses associated with the Motion to Compel amounted to $1,208. The magistrate judge recommended that Preisler be required to pay half of the total -- $604. The district court imposed only a $200 sanction. The court was well within its discretion to require Preisler to pay this amount.

III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

5