THORNBURG, Judge.
Wayne Westerhold and Cathy Westerhold ("plaintiffs") appeal the trial court order granting summary judgment in favor of Designer's Way, Inc. ("Designer's Way") and Superior Painting Services, Inc. ("Superior") (collectively "defendants"). For the reasons discussed herein, we affirm the trial court's order.
The relevant facts and procedural history are as follows: In April of 2000, plaintiffs contracted with Designer's Way torenovate plaintiffs' residence. Designer's Way then subcontracted the painting of the interior of plaintiffs' house to Superior. Robert Cournoyer ("Cournoyer"), President of Superior, assigned employees, Michael Wade Warren ("Warren") and Kristina Marie Ellis ("Ellis") to do the painting.
After Warren and Ellis had completed the painting job, Cournoyer discovered that they had taken Superior's van without permission. Several weeks after reporting this discovery to the police, Cournoyer learned that coins and jewelry had been stolen from plaintiffs' residence.
Plaintiffs filed this action alleging that Warren and Ellis had stolen $10,000 worth of jewelry and coins from plaintiffs' house. The complaint also alleged that Superior and Designer's Way negligently hired, retained and supervised Ellis and Warren, reciting that Ellis and Warren both have lengthy criminal records. Superior and Designer's Way filed answers denying liability and moved for summary judgment. On 3 July 2003, the trial court entered an order granting summary judgment in favor of Superior and Designer's Way. Plaintiffs voluntarily dismissed their claims against Warren and Ellis. Plaintiffs appeal.
The dispositive issue on appeal is whether the trial court erred in granting summary judgment in favor of defendants. As we conclude that defendants are entitled to judgment as a matter of law, we hold that the trial court correctly granted summary judgment in favor of defendants.
Standard of Review
"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." Bruce-Terminix Co. v. Zurich Ins. Co., 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Summary judgment is appropriate when, "viewed in the light most favorable to the non-movant . . . `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" Id. (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003)). The party moving for summary judgment must establish that no triable issue of material fact exists "'by proving that an essential element of the opposing party's claim is non-existent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.'" DeWitt v. Eveready Battery Co., 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (quoting Collingwood v. G.E. Real Estate Equities, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)).
Superior
On appeal, plaintiffs argue that a genuine issue of material fact exists with respect to the negligent hiring, supervision and retention of Warren and Ellis by defendant Superior. A claim for negligent hiring, supervision and retention is recognized in North Carolina when the plaintiff proves: (1) the specific negligent act on which the action is founded . . . (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in oversight and supervision, . . .; and (4) that the injury complained of resulted from the incompetency proved.
Medlin v. Bass, 327 N.C. 587, 591, 398 S.E.2d 460, 462 (quotation marks and citations omitted).
The materials submitted by the parties and considered by the trial court prior to its allowing the motions for summary judgment included the deposition and affidavit of Cournoyer. In his deposition and affidavit, Cournoyer indicated the following: Cournoyer had hired Warren and Ellis approximately five weeks before they were assigned to paint plaintiffs' home. Warren had telephoned seeking a job and asked if work was available for Ellis as well. Warren told Cournoyer that Ellis was a good painter whom he had personally trained. Cournoyer was familiar with Warren's work from a project a year before involving approximately eighteen Blockbuster stores. He further indicated that Warren was a reliable employee and did superb work.
Cournoyer then assigned a small project to Warren and Ellis. Cournoyer indicated that Ellis's work on the project was outstanding and the project was finished a day early. Several days after starting work for Superior, Warren and Ellis filled out written application forms which requested basic information including date of birth, address, and job references. Cournoyercontacted a builder listed as a reference on Ellis's application and received a favorable report. After completing the small project, Warren and Ellis worked on several other projects together including repainting the interior of a fully stocked department store. Cournoyer did not receive any complaints about Warren and Ellis's work on these projects.
Evidence before the trial court showed that Warren and Ellis have lengthy criminal records including criminal convictions for felony theft crimes. However, Cournoyer stated in his deposition that he had no knowledge regarding any criminal background or criminal disposition that Warren or Ellis might have. Cournoyer stated in his affidavit that when hiring Warren and Ellis, he followed hiring practices that are customary among other painting companies. Cournoyer also stated in his deposition that he had received no information or complaints regarding any criminal misconduct, criminal disposition, or any wrongdoing by either Warren or Ellis. Cournoyer did indicate that at the time he hired Warren, he was aware that Warren's driver's license had been revoked. Cournoyer also indicated, however, that occasionally in the past he had hired painters without driver's licenses and had never had any problems with them. Finally, Cournoyer stated in his affidavit that he had never associated a revoked driver's license with a criminal disposition.
Defendant Superior argues that this Court is bound by our holding in Moricle v. Pilkington, 120 N.C. App. 383, 462 S.E.2d 531 (1995), to uphold the trial court's grant of summary judgment. Weagree. The evidence presented before the trial court in Moricle was summarized by this Court as follows:
[D]efendant followed hiring practices that are customary among other plumbing companies; that Brooks is defendant's nephew and defendant has known Brooks since Brooks was a child, and defendant had no reason to believe Brooks was unfit or incompetent to work for defendant; that defendant conducted a personal interview with Pilkington during which he inquired into Pilkington's criminal record; that Pilkington assured defendant that he did not have a record; that defendant did a reference check on Pilkington with W. P. Rose of W. P. Rose Plumbing, a licensed plumber whom defendant personally had known for years and knows to be a reputable plumber; and that W. P. Rose informed defendant that during the two years Pilkington worked for him, he did not receive any complaints concerning Pilkington's work or conduct.
Id. at 386, 462 S.E.2d at 533. The Moricle Court also noted that the defendant was under no duty to do a criminal background check when hiring his employees and that there is a presumption that an employer uses due care in hiring its employees. Id. at 387, 462 S.E.2d at 534. Thus, the Court upheld the trial court's grant of summary judgment for the defendant. Id.
After careful review of the record and briefs, we conclude that we are bound by Moricle to uphold the trial court's grant of summary judgment for defendant Superior. As in Moricle, the facts presented in support of the motion for summary judgment do not show that "[defendant Superior] knew or reasonably could have known that [Warren or Ellis] was dishonest." Id. at 387, 462 S.E.2d at 533. Therefore, "an essential element of the claim for negligent hiringor retention is absent." Id. We affirm the trial court's grant of summary judgment in favor of Superior.
Designer's Way
Plaintiffs also argue that the trial court erred in entering summary judgment in favor of defendant Designer's Way. We disagree. We conclude that this Court is bound by Moricle to hold that Designers' Way, like Superior, had no duty to conduct criminal background checks of Warren and Ellis. Id. Thus, plaintiffs' argument that Designer's Way negligently hired or retained Warren and Ellis in that Designers' Way had actual or constructive knowledge of Warren and Ellis's unfitness for employment must fail. Plaintiffs also argue that Designer's Way negligently supervised Warren and Ellis, asserting that had Warren and Ellis been properly supervised, the theft of plaintiffs' property could have been prevented. In B.B. Walker Co. v. Burns International Security Services, this Court addressed a plaintiff's claim of negligent supervision where security guards employed by the defendant had stolen the plaintiff's property. B.B. Walker Co. v. Burns International Security Services, 108 N.C. App. 562, 424 S.E.2d 172 (1993), disc. review denied, 333 N.C. 536, 429 S.E.2d 552 (1993). The Court held that the plaintiff's argument "amount[ed] to no more than speculation that because [the] defendant failed to adequately [supervise the employees], it was negligent." Id. at 567, 424 S.E.2d at 175. In the instant case, as in B.B. Walker, "[w]e see no showing . . . that defendant [Designer's Way] should have reasonably foreseen that moresupervision was required to prevent these deliberate criminal acts which were the cause of [plaintiffs'] loss." Id. This argument also fails.
As we conclude that plaintiffs did not present a forecast of evidence tending to show that defendants breached any duty owed to plaintiffs or that a genuine issue of material fact exists in this matter, we affirm the trial court's order of summary judgment in favor of defendants.
For the reasons stated herein, the trial court's order granting summary judgment for defendants is affirmed.
Affirmed.
Judges McGEE and BRYANT concur.
Report per Rule 30(e).